## HIGGINS-JONES REALTY CO. v. DAVIS.

No. 7517—Opinion Filed July 11, 1916.
(158 Pac. 1160.)

### 1. Vendor and Purchaser—Contracts—Construction.

The maker of promissory notes evidencing unpaid installments of the purchase price of real estate, executed pursuant to a contract for the sale thereof by the payee to said maker, containing the following provision, "It is further stipulated by and between the parties that time is the essence of this agreement; and, upon default upon the part of the party of the second part in payment of two or more installments, the said second party shall forfeit to the parties of the first part as liquidated damages any such sum or sums as may have been paid under this agreement and all other rights and interests accruing to said second party thereunder," cannot by mere failure to pay arbitrarily terminate the contract and escape liability on such notes without the consent of the payee. The right

of forfeiture under such provision of the contract, which can only be exercised after default in the payment of such note, is the exclusive privilege of the payee.

### 2. Appeal and Error—Assignment of Errors—Petition in Error.

When a defendant in error fails to file a cross-petition in error, only those questions presented for assignments in the petition in error are properly reviewable by the Supreme Court on appeal.

(Syllabus by Bleakmore, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the Higgins-Jones Realty Company, a copartnership composed of S. A. Higgins and Jack T. Jones, against Henry O. Davis. There was judgment for defendant, and plaintiffs bring error. Reversed and remanded.

Everest & Campbell, for plaintiffs in error.

Shirk & Danner, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Oklahoma county to recover on certain promissory notes, and to establish and foreclose a lien upon real estate. The petition contains two causes of action, in each of which a contract between the parties for the sale by plaintiffs to defendant of certain lots in Jones Grove Addition to Oklahoma City, and the execution and delivery pursuant thereto of 54 promissory notes for $10 each by defendant to plaintiffs, is alleged; and, further, that 13 of said notes had been paid, and 17 thereof were due and unpaid, etc.

The answer admits the execution of the notes and sets forth:

"Said contract contains the provision that if the defendant makes default in two or more installments, he shall forfeit as liquidated damages all sums previously paid and shall forfeit all interest and right accruing to him, by reason of said contract, and shall further forfeit to the plaintiff all equity, right, title, and interest he may have acquired in and to the lots, described in the contract, a copy of which is attached to plaintiffs' petition, marked 'Exhibit C,' and made a part thereof."

It is further alleged that plaintiffs had not tendered to defendant an instrument conveying title to the lots involved, nor demanded of him payment of the notes sued on at a time when they offered to perform such contract; that there was fraud in the inception of the contract and notes on the part of plaintiffs, etc. The contract in question is as follows:

"That for and in consideration of $10 in hand paid to the parties of the first part by the party of the second part, the receipt of which is hereby acknowledged, and for and

in consideration of the mutual covenants and agreements herein entered into, and upon the complete payment to the parties of the first part of the sums of money hereinafter specified, parties of the first part do hereby agree to furnish good and sufficient warranty to the party of the second part for the following described tract of land situated in Oklahoma county, state of Oklahoma, to wit: Being lots No. seven (7) and eight (8), in block No. four (4) in Jones Grove addition to Oklahoma City, county of Oklahoma, state of Oklahoma, according to the recorded plat thereof.

"And the said party of the second part does hereby agree, in addition to the payment of the above specified sum of money, to pay to the said first party the further sum of $540, as evidenced by 54 notes of even date thereof in the sum of $10 each. * * *

"It is further stipulated by and between the parties that time is the essence of this agreement; and upon default upon the part of the party of the second part in payment of two or more installments, the said second party shall forfeit to the parties of the first part as liquidated damages any such sum or sums as may have been paid under this agreement and all other rights and interests accruing to said second party hereunder.

"It is further stipulated by and between the said parties that this contract shall in case of death of either or any of the parties be binding upon the heirs, administrators, executors, and assigns of said deceased party or parties.

"It is further agreed that this contract shall be assignable by the party of the second part only upon the written consent of the said party of the first part indorsed thereon."

There was trial to the court, upon which numerous witnesses testified on behalf of both plaintiffs and defendant. At the close of the evidence, the court rendered judgment for defendant upon the following findings:

"Thereupon, said cause was argued by counsel to the court, and the court finds that the contract sued upon by the plaintiff herein, contains the following provision: 'It is further stipulated by and between the parties that time is the essence of this agreement; and upon default upon the part of the party of the second part in payment of two or more installments, the said second party shall forfeit to the parties of the second part as liquidated damages any sum or sums as may have been paid under this agreement and all other rights and interests accruing to said second party thereunder.' And the court finds that the defendant, Henry O. Davis, having defaulted in the payment of two or more installments, and, to wit, in the sum set out and sued upon by the plaintiffs herein, has, by reason of said failure to pay said installments due upon said contract aforesaid and the defendant having elected to rescind said contract, and has been relieved from any

other further liability on said contract; and the court bases his decision in favor of the defendant, Henry O. Davis, solely upon this provision of the contract, and without consideration of the evidence introduced."

The question presented for consideration in this proceeding is whether the trial court erred in holding that by virtue of the provisions of the contract, supra, the vendee was empowered to rescind the same by mere failure or refusal to further perform on his part. In Shelton v. Wallace, 41 Okla. 325, 137 Pac. 694, in construing a similar contract containing the provision, "The buyer hereby on his or her part agrees that if default is made on any payment herein provided for, that then all payments heretofore made shall be forfeited to J. L. Wallace at his option without notice, not as a penalty, but as compensation for the use of said property up to such time, and as liquidated damages for the breach of this agreement and thereupon this agreement shall be of no further force and effect and becomes null and void, and it is agreed that the possession of said property shall forthwith be surrendered to J. L. Wallace," it was held:

"W. sold to S. some city lots; they entered into a written contract in which S. agreed to pay for the lots on the installment plan, he giving his promissory notes, due monthly, for the deferred payments, he also going into possession. W. agreed to convey when all payments should be completed. The contract contained many other provisions, among which was one to the effect that, in case of default on the part of S. in the payments, W. might keep all money paid, not as a penalty for the breach of the contract, but as liquidated damages for the use of the premises. S. decided to repudiate the contract, and refused to make payment of installments. W. sued on the past due notes in justice court. Held: (a) That such an action would lie in W.'s favor. (b) That such contract could not be rescinded except by consent of both parties."

In Dillon v. Ringleman, 55 Okla. 331, 155 Pac. 563, it is held:

"Where the performance of a thing is secured by a penalty, the doing of the thing, and not the payment of the penalty, is considered the substance of transaction. The parties may, however, if they choose, stipulate that the obligor shall have the option either to do the thing or pay the penalty; but, as such a provision always gives one party a clear advantage over the other, such a construction is not given unless it is clear, from the face of the instrument, that such was the intention of the parties.

"In all cases where the party relies on the payment of liquidated damages as a discharge, it must clearly appear that they were to be paid and received absolutely in lieu of performance.

"The statute of Oklahoma expressly prohibits forfeitures except where it would be impracticable or extremely difficult to fix the actual damages."

It seems clear that, by the provisions therein relative to forfeiture, it was not intended to give the vendee power, by mere performance or nonperformance, to arbitrarily continue or terminate the contract, without the consent of the vendor. On the contrary, the vendee undertook to pay the full purchase price in installments, and agreed, should he fail to meet certain of such payments, to forfeit those previously made, and all rights and interests under the contract. Such forfeiture, however, could only occur upon his default, and not by any act or omission of the plaintiffs. So long as he chose to perform, he could compel performance by his vendor, who had no alternative.

The construction given to the contract by the trial court, and insisted upon here by defendant, is contrary to the general rule, stated in Warvelle on Vendors, sec. 810, as follows:

"A reserved right of forfeiture is the exclusive privilege of the vendor, to be exercised or not, at his option. If the vendee fails to fulfill the conditions of his agreement the vendor may treat it as void or as in force. If money has been paid upon the contract he may retain it as a forfeit, or if nothing has been received he may elect to regard it in force and sue for the purchase money, or he may declare it forfeited and proceed for the recovery of the liquidated or other damage. The vendee, on the other hand, has no voice or privilege in terminating or continuing the agreement; and even where an apparent option is given, as where the contract provides that the purchase money shall be paid by installments, and that if the purchaser at any time fails to meet his payment he will surrender the possession of the land to the vendor, this does not entitle the purchaser to elect whether he will pay the purchase money or surrender the possession of the lands."

See, also, Wilcoxson v. Stitt, 65 Cal. 596, 4 Pac. 629, 52 Am. Rep. 310; Westervelt v. Huiskamp, 101 Iowa, 196, 70 N. W. 125; Meagher v. Hoyle, 173 Mass. 577, 54 N. E. 347.

The judgment of the court below, based upon an erroneous construction of the contract, was prejudicial to the rights of the plaintiff. Notwithstanding the trial court refused to consider the evidence, but rendered judgment upon the contract, independently thereof, defendant in his brief sets forth such evidence somewhat at length, urging that the same sustains the defenses of fraud, etc., contained in the answer, by reason of which he was entitled to prevail upon the trial; and insists that this court, treating

the case as one of purely equitable cognizance, should review and weigh the evidence, and render or cause to be rendered the judgment that should have been rendered thereon by the court below.

It will be remembered that the judgment was rendered upon a theory advanced by the answer and contended for by the defendant upon the trial. The assignments in the petition in error present for consideration only the construction given by the trial court to the contract involved; and inasmuch as defendant has neglected to file a cross-petition in error, complaining of the failure of the court below to consider and decide upon the evidence, etc., he is prevented from urging the same here, and such questions are not properly before this court for review. Van Arsdale & Osborne v. Olustee School District, 23 Okla. 894, 101 Pac. 1121.

The judgment should be reversed and the cause remanded.

By the Court: It is so ordered.