**WATTS et al. v. HOUSTON et al.**

No. 8007—Opinion Filed May 15, 1917.

(165 Pac. 128.)

**1. Infants—"Necessaries"—Attorney's Fees —Disaffirmance.**

Attorney's fees on account of services rendered in behalf of the estate of a minor are not "necessaries" under section 886, Rev. Laws 1910, and a claim therefor may be disaffirmed by the minor.

**2. Same—Attorney's Fees—Right of Action.**

An action at law by an attorney to recover upon quantum meruit for the value of services rendered the estate of a minor, in the absence of a showing of express authorization by the county court prior to the rendition of the services, or a subsequent allowance therefor, cannot be maintained against the minor.

(Syllabus by Galbraith, C.)

Error from County Court, McIntosh County; Jas. W. Robertson, Judge.

Action by Jess W. Watts, Charles G. Watts, and Charles A. Cook against Lucien Houston and others. There was judgment for the defendants, and plaintiffs bring error. Affirmed.

Jess W. Watts, for plaintiffs in error.

C. H. Tully, for defendants in error.

Opinion by GALBRAITH, C. This appeal presents one question only, namely: Can an action at law be maintained against a minor by an attorney to recover fees for services rendered the estate of the minor without specific authorization of the probate court prior to the rendition of such services? The trial court answered the question in the negative. The claimants appealed. The testimony taken at the trial is not brought up in the record. The trial court, however, made findings of fact and conclusions of law. The plaintiff moved for judgment upon these findings, and excepted to the denial of such motion. The facts found, briefly stated, are as follows: That the ancestor made a will by which his estate, consisting principally of real estate, was devised to a trustee for the purpose of establishing a charitable institution, and devising to certain of his heirs $1 only and to the defendants in error nothing. The heirs mentioned in the will were dissatisfied with the disposition of the estate, and employed plaintiffs in error, as attorneys at law, to contest the probate of it, agreeing to pay them as a fee for their services three-sevenths of whatever amount might be secured as a result of the contest. The defendants in error, although heirs, were not named in the contest proceeding, and had no part in employing the attorneys to resist the probate of the will.

The will was presented for probate by the executor named therein, and the counsel employed by the heirs, in pursuance to the above contract, appeared and resisted the probate. At the hearing the court found that the will was not the last will and testament of the ancestor, and refused probate to the same. The estate was therefore cast to the heirs of the ancestor under the law. Those employing the plaintiffs in error as attorneys paid the agreed compensation out of their respective shares of the estate. The defendants appeared in the probate proceedings and asserted their claim to heirship and their right to participate in the distribution of the estate. Their claim was established, and they received from the estate their portion thereof, amounting to $678.26, but refused to pay the attorney's fee. This action was brought against them for three-sevenths of the amount received by them, which the attorneys claimed would be reasonable compensation for the services rendered by them; that the minors accepted their part of the estate with the knowledge that it was through the services rendered by the plaintiffs in error that this amount was secured to them. The court found as a fact that the services rendered by the attorneys were not necessary, for the reason that the minors had another attorney employed by the year whose duty it was to attend to all legal matters pertaining to their estate.

The court found as conclusion of law from these facts that the claim for attorney's fees could not be classed as "necessaries" as defined by the statute, and therefore the minors were not bound, and rendered judgment for the defendants in error for costs.

It is not contended by the plaintiff in error that there was any contract with the minors or their guardian, approved by the county court, or that an allowance was made them by that court, but they insist "that they are entitled to recover, independent of any contract, whether express or implied, upon the ground that the law creates an obligation in behalf of reason and justice, but, for the sake of finding a remedy, classifies said obligation as a quasi contract," and "that it appears from the entire findings of the court, construed together, that the services of these plaintiffs were necessarily and essentially rendered for the benefit of said heirs at law, including these minors."

Whatever may be the law in other jurisdictions in regard to the liability of minors in actions at law for attorney's fees on account of services rendered to the estates of minors, the law is settled in this jurisdiction that claims for such services cannot be classified as "necessaries" and may be avoided by the minors.

In Grissom et al. v. Beidleman et al., 35 Okla. 343, 129 Pac. 853, 44 L. R. A. (N. S.) 411, Ann. Cas. 1914D, 599, in an elaborate opinion, the court reviews the authorities on this question in other jurisdictions, and announces its conclusion as follows:

"We believe that the rule in New Hampshire, followed in Massachusetts and other states should prevail here; that is, where the services pertain to the defense of the liberty or person of the minor, or the prosecution of action for an injury thereto, that the same should be classed as a 'necessary,' and an action lie against the minor for a reasonable recovery for attorney's fees; but where the legal services are rendered in behalf of the minor in relation to his property, without the intervention of a legal guardian, no recovery for such services should be had in an action at law. As to whether a court of equity or probate court may allow for legal services at the instance of the minor in the administration of the estate or fund or property in such chancery or probate court, without the party having first obtained the approval of the court to render such service, that question is not involved in this case."

And again the court say:

"When it comes to a question as to which line of authorities we will follow, that which permits the next friend, who is often an irresponsible person, to engage counsel for a minor to prosecute a suit at law in his behalf relative to his land, often occasioning an action at law against such minor, thereby affecting his estate, or that which requires first the approval of the probate court, we feel that we should incline to the old rule, as announced by the Supreme Court of New Hampshire, when it was composed of Chief Justice Parker and Justices Upham, Wilcox, Gilchrist, and Woods, and afterwards reaffirmed by the same court, when Chief Justice Sargent and Justice Doe were members of it."

The proposition is not affected by the fact that the attorneys rendered valuable services to the estate of the minors, and actually increased the same in the amount of almost $700, and that the minors accepted this benefit with full knowledge that this sum had been secured by the efforts of the attorneys, and that in equity and good conscience they ought to pay the attorneys reasonable compensation for such services. The minors were denied capacity to make a contract for the payment for such services on account of their minority. No contract by implication, either express or implied, quasi or otherwise, was created for them by the law. Under the facts found the minors were not bound, and their estate could not be held for the payment for such services, in the absence of express authority given therefor by the county court, prior to the rendition of such services, or by an express allowance therefor after the same

were rendered. Donnell v. Dansby, 58 Okla. 165, 159 Pac. 317; J. H. Cox Co. v. Fisher, 61 Okla. 304, 161 Pac. 171; Lee v. Tonsor, 62 Okla. 14, 161 Pac. 804; Marx v. Hefner, 46 Okla. 453, 149 Pac. 207.

Wherefore it appears that the action of the trial court was right, and the judgment appealed from should be affirmed.

By the Court: It is so ordered.