**DOTTERER et al. v. CHICAGO, R. I. & P. R. CO. et al.**

No. 6343—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Parties Entitled to Complain of Error.**

This court will not consider whether on the trial of a cause there was error in a ruling against defendant in error when such ruling is not involved in any error assigned by plaintiff in error, in the absence of a cross-petition in error.

2. **Appeal and Error—Review in Equity Case—Reversal.**

In an action of equitable cognizance, this court will weigh the evidence, and if, after an examination of such evidence, this court is unable to find any reasonable hypothesis to justify the judgment of the trial court, the cause will be reversed.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by D. W. Dotterer and others against the Chicago, Rock Island & Pacific Railway Company and others. From the judgment, plaintiffs bring error. Reversed and remanded.

A. R. Carpenter and A. J. Titus, for plaintiffs in error.

R. J. Roberts, C. O. Blake, W. H. Moore, and John E. DuMars, for defendants in error.

BAILEY, J. This action was begun in the district court of Alfalfa county by D. W. Dotterer and others, plaintiffs in error, hereinafter styled plaintiffs, against the Chicago, Rock Island & Pacific Railway Company and others, hereinafter styled defendants, seeking an order requiring and commanding said defendants to remove certain bridges, embankments, and part of defendant's line of railway, and to require said defendants to construct adequate bridges across Driftwood creek, and draws and ravines adjacent to said creek. The plaintiffs alleged that said plaintiffs are the owners of certain real estate, located in sections 4, 27, 11, 34, and 28, in township 28 north, range 11, Alfalfa county, Oklahoma and that the defendant, Chicago, Rock Island & Pacific Railway Company, is a corporation, operating a line of railway into and through Alfalfa county, Oklahoma, and across the said lands and premises above described; that the said railroad in question was completed in the years of 1901 and 1902, and was built, owned and operated by the Choctaw, Oklahoma & Gulf Railway Company, but subsequently, in the year of 1904, leased to the said Chicago, Rock Island & Pacific Railway Company, for a term and period of 999 years.

Plaintiffs further allege that said railway crosses a stream of water known as Driftwood creek, that said creek drains a large area of land, and that in time of heavy rainfall the water rises in said creek and overflows the bottom and low lands adjacent thereto. Plaintiffs say that since the construction of said railway the waters of said creek have frequently overflowed the lands of these plaintiffs, to their hurt and damage, and that said overflows were occasioned and caused by the negligent construction of the bridges and embankments of said railway; that said bridges and embankments were constructed without adequate openings therein for the passage of said overflow waters, and that said bridges and embankments are of such character and so constructed as to obstruct and interfere with the natural flow of the waters in said creek in times of heavy rainfall to such an extent that the waters are thereby caused to dam up and back over the lands of these plaintiffs, to their great hurt and damage; that the defendants, well knowing these conditions and the results flowing therefrom, still maintain and will continue to maintain said embankments and bridges in such careless, negligent, and unlawful condition.

Plaintiffs aver that on or about the 5th day of August, 1911, there came a heavy rain which caused the waters to rise in said creek, and by reason of the careless and negligent construction of said right of way, embankment, and bridges thereon, said waters were caused thereby to overflow the lands of these plaintiffs, and it is prayed that these defendants be required, by order of the court, to abate said nuisance; that otherwise the lands of the plaintiffs will be liable at all times to be overflowed, injured, damaged,

and destroyed. Plaintiffs further say that said defendants and each of them have had notice and knowledge, or with the exercise of reasonable care or caution could have known, of said condition, and, though requested so to do, have refused to abate said condition.

The defendants answered, and after general denial, and admission of corporate existence, averred that the line of railway described in plaintiffs' petition was constructed in the years 1901 and 1902, by the Choctaw-Northern Railway Company, and subsequently sold, with all rights thereto appertaining, to the Choctaw, Oklahoma & Gulf Railway Company, and that on March 24, 1904, the said Choctaw, Oklahoma & Gulf Railway Company leased and let said railway to the Chicago, Rock Island & Pacific Railway Company for a period and term of 999 years, and that since said time said railway has been operated by said Chicago, Rock Island & Pacific Railway Company, and that the roadbeds and embankments, bridges, and tracks thereon have not been changed since the construction thereof, except to the extent of repairs made necessary by reason of ordinary wear and tear from the use and the elements, and that there has been no material change thereof since the same was constructed. The defendants further answer that the Choctaw-Northern Railway Company acquired a right of way, on which said railway was afterwards constructed, by purchase from certain parties in said answer named, and that each of the plaintiffs herein had notice of the terms of said deeds, and of the provisions therein contained and had notice of the construction of said line of railway, and that more than ten years have elapsed since the construction of said line of railway and roadbed and embankments, bridges, and tracks thereon, and that plaintiffs nor either of them have made any protest or objection; that answering defendant has had at all times since the 24th day of March, 1904, an agent duly authorized to receive service or process of said defendant, and that the cause of action, if any plaintiff has or had, arose more than five years before the 20th day of September, 1912 (the day on which plaintiffs' petition was filed), and that said plaintiffs cannot, therefore, at this time maintain this action in this court

The issues thus joined, the case was tried to the court without the intervention of a jury, and on the 26th day of November, 1913, judgment was rendered by the court wherein the court found that the defendants had maintained the embankments and roadbed of said railroad company upon and across said

section 34, township 28 north, range 11 west, Alfalfa county, Oklahoma, in a manner insufficient to carry off all the surface and overflow waters which necessarily flowed in the direction of and against said embankment on said section, and the court further found that said railroad bridge across said Driftwood creek on the said section 3 was of sufficient size to permit the normal flow of water in times of ordinary high water, and therefore denied plaintiffs' petition for a larger bridge at that place. The judgment further providing:

"It is therefore by the court considered, ordered, adjudged, and decreed that the defendants shall on or before the first day of May, 1914, construct in its said embankment where is located the 24 inch drain tile on the southwest quarter of section 34, a bridge not less than fifty feet in length, and thereafter maintain the same in a reasonable and prudent manner so that said bridge shall permit surface and overflow waters to pass through.

"And it is further considered, ordered, adjudged, and decreed that plaintiffs' petition and prayer for an extension of defendants' railroad and railway crossings, bridges, or their right of way across said Driftwood creek in the northwest quarter of section 3, be denied"

—to all of which findings, orders, judgments, and decrees, insofar as the same deny relief to plaintiffs' demand for any additional bridges across Driftwood creek, and for a bridge of larger capacity, plaintiffs objected and excepted. Motion for a new trial was filed by plaintiffs, and thereafter, after due consideration, the same was overruled, and plaintiffs appeal the cause to this court.

Plaintiffs in their brief present their contentions to this court as follows:

"The questions presented on this appeal, as in the trial court, concern the sufficiency of defendant's bridges and waterways in its line of railroad across Driftwood creek and the lowlands adjacent. If they are sufficient to carry the waters of ordinary floods, then defendant has complied with all that the law requires and plaintiffs' actions fail. If they are insufficient, then defendant should be required to enlarge said bridges, making them conform to legal requirements and thus abate the nuisance complained of, unless, as defendant claims, plaintiffs are barred from any relief because of (a) estoppel by deed, (b) estoppel by silence, and (c) statute of limitation."

From the order requiring the construction of a bridge in section 34, not less than 50 feet in length, nor from any other part of the judgment, has any appeal or cross-appeal been prosecuted by the defendant railway company; therefore the issues raised by de-

fendant's answer and which have been epitomized in the brief of plaintiffs as (a) estoppel by deed, (b) estoppel by silence, and (c) statute of limitation, are not presented to this court for consideration.

It was held in St. Louis, I. M. & S. Ry. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396, that:

"This court will not consider whether, on the trial of a cause, there was error in a ruling against defendant in error, not involved in any error assigned by plaintiff in error, in the absence of a cross-petition in error." Westlake v. Cooper et al., 69 Oklahoma, 171 Pac. 859; Higgins-Jones Realty Co. v. Davis, 60 Okla. 20, 158 Pac. 1160.

This, then, leaves the sole question for consideration, not whether defendant's bridges in its line of railway across Driftwood creek and lowlands adjacent were, at the time of the institution of this suit, sufficient to carry the water, but whether such bridges will be sufficient to permit the passage of the waters of said creek and lowlands adjacent after the enlargement and extension ordered by the court. The clearness and meaning of the testimony and the force and effect to be given thereto can only be readily appreciated and understood when applied and tested along with and by certain maps, plats, and models offered in evidence in this case, which plats, maps, and models it is impracticable to present or describe here. As has been noted from the pleadings and issues presented in this cause, this is an action of purely equitable cognizance, and this court will review and weigh the evidence, and if the judgment of the trial court is clearly against the weight of the evidence, may reverse, modify, or render such judgment as is warranted under the evidence. Mendenhall v. Walters, 53 Okla. 398, 157 Pac. 732; Cash v. Thomas, 62 Oklahoma, 161 Pac. 220. We have carefully read and examined the evidence presented in this case, and while the evidence is of such nature as to render it most difficult to determine with accuracy to just what extent relief should have been granted to plaintiffs, we do not find any evidence which in our judgment sustains the order and finding as made by the trial judge.

Two witnesses, claiming expert knowledge as engineers, testified in the trial of the cause. One of these, testifying on behalf of defendant, stated that he was unable to state the size of the bridge necessary at the point where the 24 inch tile was located, being the same point where the court directed a 50-foot bridge to be constructed. The other engineer testified that, based on a personal examination, in sections of the country where topographical conditions were similar to that presented in Alfalfa county, 15 square feet of clear waterway was necessary for each mile of territory drained, and that he had surveyed and investigated Driftwood creek, and that it drained an estimated area of 330 square miles above and west of defendant's line of railway. Based on this estimate, it is contended that 4,950 square feet of waterway is necessary for the free and easy passage of waters carried by Driftwood creek. It is also in evidence that the bridge across Driftwood creek and the northwest quarter of section 3 is 293 feet in length, while the bridge in the swale on the southeast quarter of section 4 has a length of 75 feet, and that the swale through the southwest quarter of section 34 was drained by the tile 24 inches in diameter. The heights of the bridges mentioned vary from six to ten feet, and perhaps furnish a water clearance of 2,500 square feet. It will be noted that this amount of bridgeway does not meet the requirements as stated by the engineer who testified as noted above. But it should also be noted that much of the water from Driftwood creek would find its way on to the lands of plaintiffs regardless of the existence of defendant's line of railway, and the passage to be furnished will not necessarily be such as will be required to meet the requirements of the waters falling in the area drained by Driftwood creek, but only such amount of such waters as are in excess of the quantity of water naturally held and absorbed by the lands affected by the overflow waters from the creek, but this excess we are unable to determine from any evidence presented for our consideration in the record before us. The record in the case, having, as we think, fairly established the necessity of additional outlets, and the only evidence of any direct probative force requiring larger bridges and extensions than that ordered by the court, and this court being unable to determine just the proper location or length of such extensions, the cause should be reversed and remanded for a new trial, and it is so ordered.

PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concur.