**MARTIN v. JONES et al.**

No. 12766—Opinion Filed June 2, 1925.

Rehearing Denied July 14, 1925.

**1. Judgment—Motion During Term to Set Aside Judgment—Validity of Court's Action After Continuing Motion.**

A motion invoking the inherent equitable power of the district court to set aside one of its own judgments, filed during the term at which such judgment was rendered, but was not ruled upon until the succeeding term, when it was, in part, sustained, and the judgment modified; held, that the discretionary power of the court was not lost by the continuance of the motion to the next term, and when sustained at that term the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed.

**2. Same — Appeal — Discretion of Trial Court.**

Where it does not clearly appear that the court below abused its discretion, its action in relation to such motion will not be disturbed on appeal.

**3. Appeal and Error—Right of Defendant in Error to Review—Lack of Cross-Petition in Error.**

When a defendant in error fails to file a cross-petition in error, only those questions presented for assignments in the petition in error are properly reviewable by the Supreme Court on appeal.

(Syllabus by Pinkham, C.)
Commissioners' Opinion, Division No. 5.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by J. S. Jones against E. N. Jones to remove cloud from real estate and to quiet title. By order, E. L. Martin, Adella Jones, and others were made parties. Judgment was rendered for E. N. Jones and Adella Jones against J. S. Jones and E. L. Martin. On motion of E. L. Martin to set aside the judgment and grant him a new trial, new trial was denied, and the judgment modified, from which action of the court E. L. Martin brings error. Affirmed.

Wimbish & Duncan, for plaintiff in error.

B. H. Epperson and W. F. Schulte, for defendants in error.

Opinion by PINKHAM, C. This suit was instituted on the 12th day of December, 1919, in the district court of Pontotoc county by J. S. Jones, as plaintiff, against E. N. Jones, as defendant, for the purpose of removing cloud from and to quiet title in the plaintiff, J. S. Jones. The defendant E.

N. Jones filed his answer and cross-petition claiming an undivided one-half interest in the lands in controversy.

On the 11th day of October, 1920, the plaintiff in error, E. L. Martin, who had been made a party defendant on the motion of defendant E. N. Jones, filed his answer to the cross-petition of E. N. Jones, alleging that since the institution of this action, he had filed and caused to be placed upon record, deeds from the plaintiff, J. S. Jones, conveying the realty described in plaintiff's petition, to him, and that he is now claiming title to said lands, and denying that the defendant E. N. Jones is a part owner of said realty or has any interest therein, and prays that the title to said lands be quieted in him.

On November 1, 1920, on motion of the said E. N. Jones, Adella Jones was made a party defendant, and on December 8, 1920, she filed her answer and cross-petition, in which she claimed an undivided one-half interest in the land, and the care and custody of the minor children of herself and her husband, the plaintiff, J. S. Jones.

The original decree rendered on the 12th day of February, 1921, was to the effect that J. S. Jones and E. N. Jones were the rightful owners of the lands in controversy; that the plaintiff in error, E. L. Martin, had no interest in said lands; and a further judgment was at that time rendered that the one-half interrest of J. S. Jones should be set aside to the defendant in error, Adella Jones, wife of the said J. S. Jones.

The judgment and decree of February 12, 1921, was rendered by the court in the absence of the plaintiff in error, Martin. The plaintiff in error had filed an answer to the cross-petition of the said E. N. Jones, in which the plaintiff in error claimed ownership of the lands in question by purchase from the said J. S. Jones, and on the 28th day of February, 1921, the plaintiff in error filed his verified motion to set aside the decree of February 12, 1921, and grant him a new trial. On the 7th day of March, 1921, one of the regular days of the October, 1920, term of said court, the district court heard testimony upon this motion. After hearing certain testimony by both parties, the court continued the hearing until the next term of court. On the 27th day of May, 1921, a regular day of the April, 1921, term of said court, the hearing on said motion was resumed, and at the conclusion thereof the court refused to grant the new trial prayed for by the plaintiff in error, but modified the judgment originally

rendered by giving the plaintiff in error, Martin, judgment for $1,200, and fixing a lien upon the land in controversy to secure the same, to which action of the court in overruling said motion for new trial and modifying said decree the plaintiff in error, E. L. Martin, excepted and has duly appealed to this court.

To the making of this order modifying the original judgment none of the defendants in error took any exception, nor have they filed any cross-appeal in this action.

The only assignment of error relied upon by plaintiff in error is that the judgment of the trial court is contrary to law and is not supported by the evidence.

The argument is that summarizing the entire evidence in the case, to the effect that the plaintiff in error bought the land and paid $1,200 in cash and gave his notes for the balance, and there being no fraud shown on the plaintiff in error's part, he should have judgment for the land instead of a judgment giving him a lien on the land for the $1,200 paid by him to J. S. Jones. It is true the evidence clearly shows that the plaintiff in error paid to J. S. Jones $1,200 on the purchase price of the land in question; but the facts and circumstances connected with that transaction were such as to justify the action of the court in canceling the deeds executed by J. S. Jones and Adella Jones, defendants in error, to the plaintiff in error.

The record discloses that the plaintiff in error, Martin, is the brother-in-law of the said J. S. Jones; that on October 20, 1919, he paid the said Jones $800 in currency, taking no receipt for the money; that later, on the 15th day of December, 1919, he paid $400 more in cash to the said Jones, at which time J. S. Jones and the defendant in error, Adella Jones, delivered to plaintiff in error deeds to the lands in question. It appears that a short time after this transaction, J. S. Jones left Oklahoma, having disposed of practically all of his property, which he had converted into cash in the sum of some $16,000, leaving the defendant in error, Adella Jones, his wife, with eleven children in destitute circumstances. There was evidence to the effect that the plaintiff in error gave his notes for the balance of the purchase price of this land to J. S. Jones, but gave no mortgage on the land to secure the notes, the amount of the land involved being some 310 acres. It further appears that J. S. Jones remained away from his family for some 18 months, during which time he contributed nothing to their support. There is also evidence in the record to the effect that the plaintiff in error had an understanding with the said J. S. Jones that whenever he was paid back the $1,200, the property was to be reconveyed to J. S. Jones.

The trial court, upon a very full and complete hearing, with all of the witnesses before him, concluded that the judgment rendered on February 12, 1921, in the absence of plaintiff in error, should be modified by protecting the plaintiff in error to the extent of fixing a lien upon the property in question for the amount he had paid the said Jones, with interest thereon, leaving the rest of the judgment of February 12, 1921, intact.

We think, from an examination of the entire record, the evidence amply supports the judgment and decree of the trial court modifying the original judgment.

Defendants in error, in their brief, submit a number of propositions to the effect that the trial court erred in granting Martin, the plaintiff in error, a rehearing, and urge that the original judgment, rendered by the court on February 12, 1921, by which Martin was denied any relief, should be upheld by this court and that this court should hold that the trial court had no authority to modify the original judgment. The trial court was satisfied from an examination of plaintiff in error's motion, that he had been deprived of his day in court, without serious fault or laches upon his part, and that he ought to be given an opportunity to be heard. The motion was filed during the term at which the original judgment was rendered, and the rule is that when a motion invoking the inherent equitable power of the trial court over its own judgments is made before the end of the term and is duly continued over to the following term before the court rules upon it, it is regarded merely as unfinished business at the following term, and may be passed upon at that time. Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851. Furthermore, the errors suggested by defendants in error were not assigned by them in a motion for a new trial before the trial court, nor were they brought to this court by a cross-petition in error. It is necessary for the defendants in error to have done this in order that these alleged errors might be considered by this court.

"When a defendant in error fails to file a cross-petition in error, only those questions presented for assignment in the petition in error are properly reviewable by the Supreme Court on appeal." Higgins-Jones Realty Co. v. Davis, 60 Okla. 20, 158 Pac. 1160.

In Kibby v. Binion, 70 Okla. 96, 172 Pac. 1091, the court said:

"In the trial of the case, several exceptions were saved by the defendants to the rulings of the court, which exceptions are extensively argued in defendant's brief; but in view of the fact that no cross-appeal had been filed by the defendant, and as the judgment rendered for the defendant must be affirmed, such exceptions will not be considered."

In the case of Dotterer v. C., R. I. & P. Ry. Co., 78 Okla. 67, 188 Pac. 1055, the court said:

"This court will not consider whether, on the trial of a cause, there was error in a ruling against defendant in error when such ruling is not involved in any error assigned by plaintiff in error."

"Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal." Conaway v. Thomas, 101 Okla. 227, 224 Pac. 965.

It is true, as stated by defendants in error, that no summons was issued by Martin, plaintiff in error, on his application for rehearing, but the defendants in error entered their appearance by filing a motion to strike the plaintiff in error's motion from the files. A hearing on this application was begun on the 7th day of March, 1921, at which hearing the defendants in error E. N. Jones and Adella Jones made a general appearance. The court made an order continuing further hearing until the next term of court; and on the 27th day of May, 1921, one of the regular judicial days of the regular term of court, the defendant in error again appeared generally and the taking of testimony was resumed by the court. At the conclusion of this testimony the court denied the motion for new trial filed by plaintiff in error and modified the judgment, giving the plaintiff in error a lien on the land for the sum of $1,200. To this action of the court the defendants in error took no exceptions. In this state of the record, assuming that it was necessary to have issued process or summons, as contended by defendants in error, they waived the issuance of such summons. Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. 613. We conclude that, in the absence of a cross-petition in error and in the absence of exceptions taken at the time, defendants in error cannot be heard upon this question in this court.

After an examination of the whole record we think the judgment of the trial court,

modifying the original judgment, should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 214. (2) 4 C. J. p. 839. (3) 4 C. J. p. 697.