THOMPSON et al. v. JONES.

No. 29650. Sept. 24, 1940.

*105 P. 2d 751.*

Cornish & Cornish, of McAlester, and A. H. Ferguson, of Durant, for plaintiffs in error.

Everett Petry, of Tulsa, for defendant in error.

GIBSON, J. This is an action for specific performance of an option to purchase real estate. Judgment was for plaintiff, and defendants appeal.

The defense was predicated upon the theory of alleged material alteration of

the written contract (sec. 9504, O. S. 1931, 15 Okla. St. Ann. § 239). The principal question is whether the judgment is clearly against the weight of the evidence.

The original contract appears in the record. It shows many insertions in blank spaces, portions crossed out with pen or pencil, and interlineations. Defendants say the instrument is sufficient in itself to establish their allegations of material alteration. But, without resort to the testimony, it is impossible for the court to ascertain when and under what circumstances the changes took place. There is evidence to show that all the alleged alterations occurred at the time defendants executed the contract, or in their presence and with their consent immediately after their signatures were affixed. If such was the case, the alterations did not vitiate the contract. There is no substantial evidence of material alteration that is not refuted by substantial evidence. The trial court was in a better position than are we to weigh the testimony of the parties and other witnesses and to ascertain the actual facts surrounding the transaction. We cannot say that the judgment of the court was clearly against the weight of the evidence produced. This is an equitable action, and the findings of the trial court are favored with the presumption of correctness. Hasley v. Bunte, 176 Okla. 457, 56 P. 2d 119.

The judgment is affirmed.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.