CORN BELT BANK et al. v. BAKER et al.

No. 30432. Feb. 24, 1942.

*122 P. 2d 989.*

Joseph R. Brown and W. H. Dunblazier, both of Ft. Smith, Ark., for plaintiffs in error.

Martin J. Ward and Sam A. Neely, both of Tulsa, and Edwin T. Watkins, of Spiro, for defendants in error.

HURST, J. This is an action by plaintiffs, Corn Belt Bank, of Bloomington, Ill., and Bruner G. Cox, executors of the last will of George H. Cox, deceased, to recover on a note and to foreclose a real estate mortgage on land in Haskell county securing the note. The mortgage and the note secured thereby were for the principal sum of $4,000, and were executed by the defendants C. G. Baker and Mary E. Baker, his wife. On September 16, 1937, the date the action was commenced, the record title to the land was held by the defendant Spiro State Bank. The trial court rendered a personal judgment against C. G. Baker and Mary E. Baker for the amount due on the mortgage debt, refused to render a personal judgment against the bank, and decreed foreclosure of the mortgage. Plaintiffs appeal from the part of the judgment denying them a personal judgment against the bank.

The note and mortgage were executed November 29, 1920. On May 19, 1921, the mortgagee, Everest-Porter Mortgage

Company, transferred the note and mortgage to George H. Cox. On December 6, 1921, Baker and wife conveyed the land to the bank. The deed recited that the consideration therefor was $6,000, and excepted the said mortgage from the operation of the warranty clause. It appears that at the same time the $4,000 mortgage was made the Bakers also executed and delivered to the mortgagee two commission notes of $400 each, secured by a second mortgage on the land. The date of maturity of these notes is not shown, and the mortgage securing them is not referred to in the deed to the bank. Under the deed the bank took possession of the land, received the rents and profits therefrom, paid the interest on the $4,000 mortgage up to and including the year 1936, and paid the taxes up to and including 1926. The taxes from 1931 to 1937, inclusive, were paid by George H. Cox. Whether the taxes for the years 1927-1930, inclusive, were paid does not appear. After the bank took possession it made certain repairs on the property, and it paid the last $400 commission note.

The officers of the bank testified that the agreed consideration for the land was $2,500; that Baker owed the bank $1,719.55, and owed Dunklin Bros., a mercantile establishment in Spiro, $780.45; that the bank canceled as paid the debt to it, and paid the debt to Dunklin Bros. Both Baker and the officers of the bank who testified were positive that the bank did not assume the $4,000 mortgage. Baker testified that by a separate written contract, signed at the time the deed was executed, the parties agreed that the bank was to hold title to the property for at least five years, or longer, and manage it, and out of the rents and profits satisfy the $2,500 debt to it, and pay the commission note and taxes. He testified that he had lost the original contract and was permitted to testify to its contents. His testimony was not contradicted or disputed. The bank, in its answer and at the trial, offered to convey the land to Baker, and admitted that the Baker debt to it had been paid.

1. The first question presented is whether the evidence shows that the Spiro State Bank assumed payment of the mortgage debt.

We are committed to the rule that an action by the mortgagee to enforce, as against the purchaser from the mortgagor, an assumption agreement is one of equitable cognizance, unless it affirmatively appears from the evidence that the assumption agreement was made expressly for the benefit of the mortgagee. Beardsley v. Stephens, 134 Okla. 243, 273 P. 240; Page v. Hinchee, 174 Okla. 537, 51 P. 2d 487. There being no such evidence here, we will weigh the evidence on the question of assumption, but will not disturb the judgment unless it is clearly against the weight of the evidence. Thompson v. Jones, 188 Okla. 16, 105 P. 2d 751.

The question as to whether there was an assumption agreement at the time the land was conveyed to Spiro State Bank is one of intention. 37 Am. Jur. 323, § 992. The burden of proof was on the plaintiffs to establish such assumption. 37 Am. Jur. 326, § 1000. The plaintiffs assert that such intention is shown by the fact that the recited consideration is $6,000, while the actual consideration put out by the bank was only $2,500, and by the further fact that in a letter from the bank to the mortgagee, dated December 24, 1923, it referred to the Baker note "which we have assumed." On the contrary, the testimony of Baker, for whose benefit the assumption agreement would have been made, and the testimony of the officers of the bank negative any assumption agreement, and if their testimony is to be believed, the deed to the bank was intended as security for the sum of $2,500, and the deed was in effect a mortgage (Edmundson v. State, 181 Okla. 150, 73 P. 2d 150) and the bank became a mortgagee in possession. Parol evidence was admissible to show the true consideration and agreement. Page v. Hinchee, above; 37 Am. Jur. 327, §§ 1001, 1002; 50 A.L.R. 1220, annotation; 84 A.L.R. 355, annotation.

The plaintiffs rely on Winans v. Hare, 46 Okla. 741, 148 P. 1052; Scott v. Norris, 62 Okla. 292, 162 P. 1085, and Parlette v. Equitable Farm Mortgage Co., 165 Okla. 155, 25 P. 2d 300. But because of the difference in the facts, we do not find those decisions helpful or contrary to the conclusion we have reached.

2. Plaintiffs next argue that the bank is estopped to deny the assumption of the mortgage debt by its statement in the letter, above quoted, that it had assumed the mortgage debt. The letter was among the papers sent by Cox to his attorney, along with the note and mortgage, and the attorney testified that in reliance on said letter he deferred commencing foreclosure proceedings. However, an essential element of estoppel is that the party invoking it must have been misled to his injury by the wrongful conduct of the party against whom the estoppel is invoked. Frost v. Davis, 182 Okla. 593, 79 P. 2d 600; Herrington v. Hackler, 181 Okla. 396, 74 P. 2d 388; Hughes v. Sparks, 98 Okla. 208, 224 P. 957. Evidence of any detriment or injury to plaintiffs by reason of the delay in bringing the foreclosure action is wholly lacking. There is no evidence that the land, if sold at foreclosure, will not bring the amount due upon the mortgage, or that, if it should not, a deficiency judgment against the mortgagors would be uncollectible, or that any loss was suffered by plaintiffs which could be attributed to the delay.

After carefully considering the evidence and the authorities relied on by the parties, we cannot say that the judgment of the trial court is clearly against the weight of the evidence.

3. The bank complains of the refusal of the trial court to allow it an attorney's fee. It has filed no cross-appeal, and we therefore do not consider this contention. Westlake v. Cooper, 69 Okla. 212, 171 P. 859; Muskogee Refg. Co. v. Waters Pierce Oil Co., 89 Okla. 279, 215 P. 766.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur. GIBSON and ARNOLD, JJ., absent.