COMMERCIAL CREDIT CORP.
v. WILLIAMS et al.

No. 34562. March 18, 1952.

Rehearing Denied April 23, 1952.

*243 P. 2d 360.*

Geo. E. McKinnis, Jr., Shawnee, for plaintiff in error.

Washington & Thompson, Oklahoma City, for defendants in error.

PER CURIAM. Suit was filed in the trial court on August 8, 1949, by Commercial Credit Corporation against George T. Williams and First National Bank & Trust Company for the recovery of one new Studebaker model 1949 Pick-up truck. The plaintiff claims the right to said truck by reason of a conditional sales contract made and executed by one Virgil Bradford to Hestand Motor Company at Fort Smith, Arkansas, on or about the 19th day of May, 1949, covering the balance due on the purchase price of said pick-up truck, assigned to it on or about the 19th day of May, 1949, for a good and valuable consideration.

The record discloses that on or about the 19th day of May, 1949, Virgil Bradford purchased the truck from Hestand Motor Company at Fort Smith, Arkansas, trading in another truck and paying $80.61 in cash and executing the conditional sales contract to Hestand Motor Company for the balance of the purchase price. At the time of the transaction Bradford represented that the truck would be kept and used in McCurtain county, Oklahoma, to which the seller consented, and the conditional sales contract so provided. When the deal was consummated, Bradford was permitted to leave with the truck in question. On or about May 19, 1949, Hestand Motor Company assigned said conditional sales contract to the plaintiff herein for a good and valuable consideration. It appears that Bradford brought the pick-up truck into Oklahoma and shortly thereafter sold the same and that said truck finally wound up in the hands of a used car dealer in Oklahoma City. On May 27, 1949, such dealer sold the pick-up truck to George T. Williams for a good and valuable consideration, taking as a part of the purchase price Williams' promissory note secured by a chattel mortgage on said truck, which note and mortgage were assigned for good and valuable consideration on the same day to the First National Bank & Trust Company. This mortgage was filed with the county clerk of Pottawatomie county, Oklahoma, the situs of said truck, on the 2nd day of June, 1949.

The record discloses that the conditional sales contract held by the plaintiff, Commercial Credit Corporation, was not filed in Arkansas nor in McCurtain county, Oklahoma. It was filed in Pottawatomie county, Oklahoma, on the 30th day of July, 1949.

Defendant George T. Williams answering, denies that plaintiff has any lien or claim on the truck in question and prays that plaintiff take nothing by reason of this action, and that he have judgment against the plaintiff for a reasonable attorney fee and the costs. Defendants First National Bank & Trust Company denies that plaintiff has a valid lien against said truck and prays that its chattel mortgage be declared a superior and paramount lien to that of plaintiff, that it be granted possession of said truck, and that it have

and recover its costs herein together with a reasonable attorney fee.

When the cause came on for trial it was stipulated and agreed between the parties "that the question of recording under the Arkansas law will not be raised by either party in this action; and that the laws of the State of Oklahoma regarding filing of conditional sales contracts is the same as chattel mortgages and is the law in this case." No proof was offered as to the laws of the State of Arkansas. Demurrers were sustained to the evidence of the plaintiff and judgment rendered for the defendants with costs, but the cross-petition of the defendants asking for attorney fees was denied.

It is urged by the plaintiff that the priority of its conditional sales contract is established by the provision of 46 O. S. 1951 §58, as construed in New v. Malone, 199 Okla. 639, 189 P. 2d 177. That statute provides that when a mortgaged chattel is moved into this state, and the mortgage to which it is subject has been taken and filed in accordance with the provisions of the laws of the state from which the property is removed, that the lien is preserved for a period of one hundred twenty days after such removal. In New v. Malone, supra, and the recent case of West v. Associates Discount Corporation, 206 Okla. 44, 240 P. 2d 1077, we held that where a chattel was purchased in a sister state, under a conditional sales contract valid under the laws of that state, but not recorded because the laws of that state did not require recordation, and where the contract specifically provided the property was to remain in the sister state during the duration of such lien, that the validity of the contract will be recognized and enforced in this state.

The plaintiff has not brought itself within the rule announced in these cases. It has not pleaded or proved the laws of the State of Arkansas regarding the filing or recording of such conditional sales contracts. In fact, it appears from the record that by stipulation it was agreed that the laws of Arkansas would not be raised by either party and that the laws of the State of Oklahoma should apply in this case. In the absence of proof as to the laws of a sister state, we held in Hinds v. Atlas Acceptance Corporation, 178 Okla. 474, 63 P. 2d 29:

"The question: What is the law of a sister state? is a question of fact as distinguished from a question of law, and the laws of another state must be pleaded in order to be proved. In the absence of such pleading and proof, the laws of the sister state, including its general statutes, are presumed to be the same as the laws of this state."

There being neither pleading nor proof as to the laws of the State of Arkansas, and it appearing defendants are purchasers for value without notice, and plaintiff having failed to show a filing, under either the laws of Oklahoma or Arkansas, giving its lien priority, it has wholly failed to prove a cause of action and demurrers were properly sustained to the evidence.

In its brief the defendant in error, First National Bank & Trust Company, urges error of the trial court in failing to allow an attorney fee to it as the prevailing party in a lien foreclosure action. No cross-petition in error has been filed and clearly, therefore, the question is not properly here for review.

The judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys George E. Fisher, Ted Foster, and Arnold Fleig, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, and O'-NEAL, JJ., concur.