**In the Matter of the ESTATE of Mary G. BRADSHAW, an incompetent.**

**No. 52276.**

Supreme Court of Oklahoma.

Feb. 5, 1980.

Wendell E. Snell, Norman, appellant, pro se.

Owen W. Laughlin, Woodward, for appellee.

HARGRAVE, Justice.

Wendell E. Snell brought this appeal alleging the commission of a single reversible error in the District Court. That error was alleged to arise out of the lower court's failure to award an attorney's fee of the appropriate amount for services rendered and expenses incurred in the representation of a ward in an annual accounting of the ward's estate and in an attempt to restore the ward to competency. The court awarded appellant a total of $345.80 for expenses and representation in two hearings and appellant contends the paucity of the figure amounts to an abuse of judicial discretion.

After assignment to the Court of Appeals the award was vacated as that court held

that an award of attorney's fees was unauthorized as a matter of law. The unpublished opinion was brought up on a writ of certiorari to this Court.

■■■■ Certiorari was granted under Rule 3.13 A(4) of the Rules on Practice and Procedure in the Court of Appeals and on Certiorari to that court on the basis that the modification of the judgment to correct alleged error in the lower tribunal committed against the appellee was done in absence of a petition in error commencing a cross appeal. The general rule is that an appellee cannot obtain the correction of a judgment erroneous as to him without a cross appeal. *In re Lee's Estate, 206 Okl. 275, 243 P.2d 1013 (1952), Turner v. Mills, 22 Okl. 1, 97 P. 558 (1908)*. Failure to file a cross petition in error precludes review of such errors. Authorities such as *Great American Reserve Ins. Co. of Dallas v. Strain, 377 P.2d 583 (Okl.1962)* and *Woolfolk v. Semrod, 351 P.2d 742 (Okl.1960)* to the effect that an appellee may *save* a judgment by showing the judgment to be correct if errors committed against him are corrected on appeal are not in point. Although an appellee may attack an erroneous ruling to sustain a judgment, *Gilchrist v. Lowry, 195 Okl. 537, 159 P.2d 261 (1945), Naill v. Order of United Commercial Travelers of America, 103 Okl. 179, 229 P. 833 (1924)*, here the appellee does not argue the correctness of the judgment rendered below but seeks instead to vacate that judgment as erroneous. We have previously applied this principle to error asserted from failure to award attorney's fees where that failure arose in an action to foreclose a lien and the fees were sought by the successful and non-appealing party. *Commercial Credit Corp. v. Williams, 206 Okl. 350, 243 P.2d 360 (1952)*.

■■■■ Failure to file a cross appeal precludes review of error asserted by the appellee unless that strategy, as discussed above, is an attempt to demonstrate the correctness of the judgment as entered. Our cases previously reported dealing with this point have, on occasion,[1] provided a limitation on the absolute nature of this statement by observations such as that in *St. Louis I. M. & S. Ry. v. Lewis, 39 Okl. 677, 136 P. 396 (1913):*

[W]e deem it unnecessary in the present case to go further than to hold that this court will not consider whether there is error in a ruling against plaintiff, not involved in any error assigned by the plaintiff.

We do not take this statement to be a modification of the rule that failure of the appellee to file a cross petition in error precludes review of alleged errors made against him, *In re Lee's Estate, 206 Okl. 275, 243 P.2d 1013 (1952)*, that may demonstrate entitlement to affirmative relief. Without instituting an appeal on his own right appellee may only defend the validity of the judgment, demonstrating it is correct under the law or evidence, or that the ruling would be correct if other errors committed were reformed or that the result is ultimately correct even though the law purportedly supporting it is misapplied. In any case, the appellee is confined to defending the judgment entered and is not entitled to attack its validity. We conclude that appellee's argument that no attorney fees should have been allowed as a matter of law is only proper insofar as it tends to counter the alleged error of failure to award a larger amount of fees, and as thus limited, the proposition only rebuts appellant's attempt to have the fee award increased on appeal.

There exists statutory authority for the institution of judicial restoration to capacity which has remained substantially unchanged since 1910. 58 O.S. 1971 § 854 states: "Any person who has been declared insane or the guardian . . . may apply by petition to the county court of the county in which he was declared insane, to

1. *Cole v. Anderson, 304 P.2d 295 (Okl.1956), Turner v. First National Bank & Trust Co. of Muskogee, 292 P.2d 1012 (Okl.1956), Corn Belt Bank v. Baker, 190 Okl. 278, 122 P.2d 989 (1942), Bahr v. Chicago, R. I. & P. Ry., 78 Okl. 69, 188 P. 1057 (1920), Dotterer v. Chicago, R. I. & P. Ry., 78 Okl. 67, 188 P. 1055 (1920), Westlake v. Cooper, 69 Okl. 212, 171 P. 859 (1918), Higgins-Jones Realty Co. v. Davis, 60 Okl. 20, 158 P. 1160 (1916).*

have the fact of his restoration to capacity judicially determined. . . ."

In *Appeal of Barnett, 122 Okl. 160, 252 P. 410 (1927)*, this Court held in the first Court Syllabus that a proper construction of 58 O.S. 1971 § 854 in the then-present and similar 1921 version mandated that:

"Although one who has been adjudged incompetent of managing his own affairs can ordinarily act through his guardian only, yet, where the very object of an action is to determine the legality of the judgment adjudging him an incompetent, the same may be prosecuted by him in his own proper person."

This section applies to adjudicated incompetents, as noted in *In re Revard's Guardianship, 134 Okl. 202, 272 P. 480 (1928)*. Subsequently, the 10th Circuit Court of Appeals held in *Bradburn v. McIntosh, 159 F.2d 925 (1947)*, that the statutory right of a person to institute and prosecute a proceeding for restoration must embrace the right to employ counsel. The last-mentioned case also stated that the *contract* for legal services made during the incompetency of the contracting party was unenforceable by reason of 15 O.S. 1971 § 24, which leads us to a discussion of the provisions of 15 O.S. 1971 § 22, which states:

"A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family."

In the related matter of a contract for services rendered a minor, this Court has discussed the parameter of the term "necessaries" under the predecessor of 15 O.S. 1971 § 20. It was noted in *Grissom v. Beidleman, 35 Okl. 343, 129 P. 853, at pp. 855 and 858 (1913)*:

"We can conceive of conditions such that a minor may be bound to pay a reasonable compensation for the services of an attorney, on the ground that they were necessary, but ordinarily this liability is limited to cases where the services are rendered in connection with the minor's personal relief, protection or liberty.

. . . [W]here the services pertain to the defense of the liberty or person of the minor, or the prosecution of actions for an injury thereto, that the same should be classed as a 'necessary' and an action lie against the minor for a reasonable recovery for attorney's fees; but where the legal services are rendered in behalf of the minor in relation to his property, without the intervention of a legal guardian, no recovery for such services should be had . . . ."

▋ The phrase "necessary for his support" appears identically in the statute obligating minors and in that obligating incompetents. The policy behind each is the same and that is to insure that necessities are available to both incompetents and minors despite their inability to enter into binding agreements for them. Therefore, we apply the quoted portions of *Grissom, supra*, to the interpretation of 15 O.S. 1971 § 24 and hold that where, as here, the legal services pertain to the defense of the liberty or the person of the incompetent, the same should be classed as a necessary and an action lie for a recovery of a reasonable attorney's fee for we know of no more necessary and urgent need of the person of an adjudicated incompetent than the ability to obtain the restoration to competency at the first instance he is entitled thereto, and as noted in *Barnett, supra*, the right to obtain counsel to that end is inextricably a part of the ability of the ward to achieve it.

▋ The appellant additionally proposes that a fee is properly payable for services rendered in opposing the guardian's account, arguing that his services in regard to both the restoration of competency and the accounting demonstrates that the Court abused its discretion in determining the fee payable for both services did not exceed the $200 plus costs actually awarded. This Court has long ago held that services on behalf of the estate, or property, in such instances are not necessaries and no recovery should be had in an action at law for such attorney's fees. In *Watts v. Houston, 65 Okl. 151, 165 P. 128 (1917)*, it was observed:

"Whatever may be the law in other jurisdictions in regard to the liability of minors in actions at law for attorney's fees on account of services rendered to the estates of minors, the law is settled in this jurisdiction that claims for such services cannot be classified as 'necessaries'

. . .

"The proposition is not affected by the fact that the attorneys rendered valuable services to the estate of the minors . . Under the facts found the minors were not bound and their estate could not be held for the payment for such services, in the absence of express authority given therefor by the county court, prior to the rendition of such services, or by an express allowance therefor after the same was rendered."

The application for an attorney's fee filed herein speaks to a contractual arrangement between the appellant and the ward. The brief presented the trial court on the matter flatly states that the theory under which appellant seeks an attorney fee is that such services were necessities. The above cited cases set forth the principle that generally a minor is not contractually bound, nor can his estate be held accountable for attorney's fees incurred by the provision of legal services rendered in behalf of the minor in relation to his property or estate since such services are outside the accepted definition of necessaries which, when referred to legal services,[2] denote the defense of the liberty or person of the minor or the prosecution of an action for an injury thereto. The statutory authority is similar and policy behind this statement is equally applicable to incompetents as to minors, and thus we apply the rule to these facts. The appellant's application for an attorney fee speaks·of a contractual obligation only, and the brief in support thereof speaks flatly of necessities. A determination has been made that services rendered pursuant to the annual accounting is not a

necessity but is a service to the estate for which the ward had no capacity to contract. Under the ground argued (contract for necessities), the estate is not obligated to pay the attorney's fees attributable to the accounting for which the incompetent attempted to contract.

That portion of the work done by appellant in defense of the person and liberty of the ward as a necessary is payable from the estate of the ward.

■ An examination of those documents forwarded to this Court on appeal discloses that although the Trial Court's award of fees for that portion of the work done by appellant which is compensable under the theory presented is a modest fee, the record falls short of demonstrating the abuse of discretion necessary to disturb the action of the Trial Court.

CERTIORARI GRANTED PREVIOUSLY. COURT OF APPEALS OPINION VACATED, AND THE DECISION OF THE TRIAL COURT IS AFFIRMED.

All Justices concur.

---

2. Note, however, the term "necessaries" is held not to be capable of rigid, inflexible definition, and depends at times upon the circumstances

as evolved from the facts of each case. *Daubert v. Mosley*, 487 P.2d 353 (Okl.1971).