## THOMPSON v. FREEMAN.

No. 31528. Oct. 31, 1944.

Rehearing Denied Nov. 21, 1944.

*153 P. 2d 99.*

Snyder & Lybrand, of Oklahoma City, for plaintiff in error.

Halley, Douglass, Felix & Douglass, of Oklahoma City, for defendant in error.

BAYLESS, J. L. P. Freeman filed an action in the district court of Oklahoma county against Temple G. Thompson for the purpose of quieting title to certain real estate. Thompson appeals from the judgment in favor of Freeman.

Freeman's amended petition contained two causes of action, the first being for the cancellation of a resale tax deed upon equitable grounds, and the second also seeking the cancellation of such deed for a number of reasons stated to render the deed void. Thompson pleaded defenses to these. Freeman introduced evidence in support of his action, and Thompson stood on his demurrer to this evidence, letting the matter go to judgment without direct evidence on his part.

Thompson presents three propositions in his brief, all of which revolve around 68 O. S. 1941 §§ 213 and 432 e and 432 f, as affected by the rule announced by us in Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544. The parties also indulge argument respecting whether this rule has been abandoned or followed or modified by later decisions.

The evidence shows that Freeman deliberately allowed his taxes on the lot in question to become delinquent for the years 1935, 1936, and 1937, with, according to his explanation, a purpose in view relating to an attempt to change the assessed value. This lot was sold to the county at the regular sale in 1936, and in 1939, at the resale, it was sold to Thompson. By the terms of 68 O. S. 1941 § 432 m, Freeman had until December 1, 1939, to redeem from this sale. About November 16, 1939, Freeman went to the county treasurer's office and asked for a statement of the taxes due on this and other lots, and when he was told that the taxes for 1936 and 1937 only were due, he told the deputy that he believed the 1935 taxes were also unpaid. The deputy consulted the records again and told Freeman "That seems to be all, they must be paid," or something to that effect. Freeman then paid the 1936 and 1937 taxes. Thompson points out that if the record did show that the 1935 taxes were paid, this was not an error nor was the imparting of such informa-

tion misinformation, for 68 O. S. 1941 §§ 432 e and 432 f and 213 requires the county treasurer .to mark his records to so show following the sale of the property for the delinquent tax. Freeman made sufficient showing of his willingness and ability to pay the 1935 tax, or to redeem if he had been advised that the payment of the tax shown of record was by virtue of a tax sale. Thompson argues strenuously that since Freeman (1) knew that he had not paid the 1935 tax and (2) knew that a tax resale had been held in 1939, he actually or constructively knew that his property had been sold, and that he should have offered to redeem from the sale, and his simple statement that he wished to pay the taxes due was not sufficient to bring him within the statute, supra, nor within the reasonable application of Grimes v. Carter, supra. He seriously challenges the applicability of Grimes v. Carter to this situation either by virtue of the facts or the modifying effects of the resale act of 1939, of which section 432, supra, is a part.

Despite Thompson's argument, we are of the opinion that Grimes v. Carter, supra, and the later cases apply here, and that Freeman's evidence sufficiently establishes the equitable relief spoken of therein. Thompson argues that the act of 1939 was designed to furnish property owners, whose property had been sold at resale, three opportunities for relief, none of which include the ground relied on herein, and that this legislative expression was intended to be exclusive and to thereby render no longer controlling the former policy of this court, evidenced by its decisions, to extend equitable relief under a variety of circumstances.

He points to no language expressly saying this. The language actually used is no broader in expression or implication than the language of previous laws relating to tax resales and the statutory grounds for relief. Our policy of affording equitable relief under circumstances that justified was adopted for sound reasons expressed throughout our long line of tax deed decisions. One of the soundest of which was and is constitutional considerations that preclude the depriving of a person of his property by arbitrary forms of procedure that make no allowance for mistakes of public servants that deprive the property owner of any or all of the modes of relief prescribed by statute. Among the other reasons is the one that no considerations of law or equity require such strict application of these statutes for the favor of one who has been able to acquire property by sale under such statutes to his extreme advantage and at the cost of the other party.

Thompson enumerates as the second ground of relief the right of Freeman to offer to redeem this lot from this resale before December 1, 1939. It would be a harsh judgment to say that Freeman's offer did not equitably comply with this mode. He believed when he went to the county treasurer's office that he had not paid the 1935 taxes. When the deputy told him, after a second look at the record occasioned by Freeman's doubt of his implication that they had been paid, that there was no other unpaid tax, Freeman relied thereon and reasonably believed that he might have paid them. Equitably, his duty to inquire how and when they were paid was not as great as the statutory duty resting upon the deputy to advise him the record showed this payment through a tax sale and resale. Thereupon, Freeman could have had his opportunity to offer to redeem.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur.