BREWER et al. v. DAVIDSON.

No. 31573. June 19, 1945.

Rehearing Denied Sept. 11, 1945.

*163 P. 2d 987.*

R. A. Wilkerson, of Pryor, and Ben L. Murdock, of Tulsa, for plaintiffs in error.

E. R. Brown, of Pryor, and R. L. Davidson, of Tulsa, for defendant in error.

ARNOLD, J. Mildred Davidson, as plaintiff, commenced this action in the district court of Mayes county, Okla., on June 19, 1942, against Hugh Brewer and V. R. Casey, as defendants, to cancel a certain tax resale deed and to quiet title to the following described land in Mayes county, to wit: "E. ½ of S. E. ¼, the N. W. ¼ of S. E. ¼ and S. W. ¼ of S. E. ¼ of section 5, township 21 north, range 21 east."

The parties will be referred to by their trial court designations.

After issues had been joined by answer the case was tried to the court, resulting in a decree for plaintiff canceling the resale deed of defendants and quieting plaintiff's title to the entire 160 acres upon plaintiff making her tender good by depositing with the court clerk the sum of $240.77. After unsuccessful motion for new trial, defendants lodged their appeal in this court. In their brief defendants rely on two propositions stated thus:

"The plaintiff did not plead nor show by clear, cogent and convincing proof that she had done all the law requires of her to do in her purported effort to pay all of the taxes upon the land in question.

"The county treasurer in a resale advertisement is not required to consult the records of any office other than his own to ascertain the name of the owner of the land to be inserted in the advertisement."

According to the evidence of plaintiff, in September, 1937, R. L. Davidson conveyed by warranty deed to his wife, Mildred Davidson, 390 acres of land in Mayes county, including the land above described except the S. W. ¼ of the S. E. ¼ thereof, title to which she later acquired at sheriff's sale under a mortgage foreclosure. At the date of Mr. Davidson's deed to his wife all taxes on the 390 acres were paid up to and including 1935. In March, 1939, the plaintiff requested her husband, R. L. Davidson, to go to the county treasurer's office at Pryor and pay all delinquent taxes on the 390 acres of land, including the taxes for 1938. Acting as her agent in this matter, R. L. Davidson visited the treasurer's office at Pryor on March 11,1939, for the purpose of paying these taxes. At that time the treasurer's office was extremely busy collecting taxes and issuing receipts, and it was suggested to Mr. Davidson that he leave a list of the lands on which he desired to pay taxes together with a check to the county treasurer with the amount left blank, and as soon as the treasurer could get to it he would fill in the correct amount in the check and issue his receipts for the taxes, which were to be mailed to plaintiff at her address in Tulsa, Okla. This was done, and on March 20, 1939, the treasurer filled out the check for the sum of $47.85 and issued tax receipts covering the years 1936 and 1937, which he mailed to plain-

tiff and which she duly received. Plaintiff never examined these receipts to see what years were covered thereby, but presuming that her agent had paid all the taxes, as she had requested him to do, she put the receipts away without examination. Neither her husband nor her son, both of whom are lawyers, ever examined these tax receipts to see if they covered the taxes which were intended to be paid by the check of March 11, 1939. These lands were sold in the 1942 tax resale for the 1938 and subsequent years' taxes. As soon as plaintiff received information that the lands had been so sold she went to Pryor for the purpose of redeeming the same and succeeded in redeeming all of the 390 acres except the 120 acres here involved, which had been sold to the defendants. Thereupon she commenced the instant action.

There is no substantial conflict in the evidence as to these material facts, though the evidence introduced by defendants tended to contradict plaintiff's evidence as to the conversation between the agent of plaintiff and the county treasurer or his deputy concerning his purposes, the manner of payment, etc.

Upon this branch of the case plaintiff relies upon the following proposition:

"The bona fide effort of the defendant in error to pay the 1938 taxes which was thwarted by the negligence or mistake of the county treasurer, renders the tax deed void as to the east half of southeast quarter, and the northwest quarter of southeast quarter."

Under this proposition and upon the evidence disclosed by the record, as summarized above, plaintiff invokes the rule announced by this court in the following cases: Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544; Headley v. Hall, 191 Okla. 352, 129 P. 2d 1018; McKinney v. Farrow et al., 194 Okla. 397, 152 P. 2d 265; Ponder et al. v. Ebey, 194 Okla. 407, 152 P. 2d 268; Thompson v. Freeman, 194 Okla. 554, 153 P. 2d 99; Martin et al. v. Bodovitz, 194 Okla. 614; 153 P. 2d 825. Against this contention of plaintiff defendants merely urge that the plaintiff has not pleaded or shown by clear, cogent, or convincing proof that she had done all the law requires her to do in her purported effort to pay all the taxes on the land involved.

The proof is very clear and cogent on the purpose or effort of plaintiff to pay her 1938 taxes prior to the 1942 tax resale as indicated. She frankly admitted she never examined the tax receipts when she received them, nor thereafter, and never made further inquiry about the matter but presumed all the back taxes were paid. An examination of the tax receipts would have disclosed otherwise. Though, under all the evidence, the question as to her bona fides is not free from doubt, the trial court was no doubt mindful of the well-established rule that such proof must be clear, cogent, and convincing. It apparently was fully satisfied with the evidence on the point in spite of her failure to examine the receipts or make further inquiry about the payment of her taxes. The decree of a trial court in an equitable action will not be disturbed unless against the clear weight of the evidence. The trial court in this case had the advantage of having the witnesses before it, hearing their oral testimony from the witness stand, observing their demeanor, and had a better opportunity for determining where the greater weight and probative value of the testimony rested than does this court, and we cannot say as a matter of law that the evidence was not also convincing on the question of plaintiff's bona fide effort, nor can we say that her conduct in the respects indicated was not justified under all the circumstances. Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046; Smith v. Beam, 176 Okla. 408, 55 P. 2d 980; Thompson v. Jones, 188 Okla. 16, 105 P. 2d 751.

It is therefore concluded that as to the 120 acres of land involved under plaintiff's first proposition, the judgment of the trial court should be affirmed.

As to the remaining 40 acres involved, being the S.W.¼ of the S.E.¼ of said section 5, the issues of fact and of law are quite different from those relating to the 120 acres.

Plaintiff acquired title to the S.W.¼ of the S.E.¼ of said section 5 at sheriff's sale under a decree of foreclosure in cause No. 6600 on May 28, 1941. This tract of land was also sold to defendants at the 1942 tax resale for delinquent taxes for 1938 and subsequent years.

Plaintiff's testimony with reference to her acquisition of this tract is that she had an agreement with the plaintiff in the mortgage foreclosure action that the delinquent taxes on this land would be paid from the purchase money bid at the sheriff's sale, and that for this reason she made no investigation as to whether the taxes on this tract had been paid prior to the 1942 resale.

Defendants' evidence on this question is in direct conflict with plaintiff's. The executor of the Lee estate, who was the plaintiff in the foreclosure action, testified in substance that no such agreement with reference to delinquent taxes was made. The notice of sale of such land by the sheriff was introduced in evidence and shows that bidders were expressly notified that the sale of the land would be made subject to taxes against the same. However this may all be, the agreement, if made, could not affect the validity of the resale tax deed. If such agreement existed but not complied with, and for this reason the taxes on the land remained unpaid, the responsibility for such failure cannot be shifted to the county treasurer. The land was sold at foreclosure subject to the taxes due. Taxes are not paid by private agreement. Such agreement can only in any event bind those who are parties thereto.

The notice of sale of this tract of land named F. W. Lucas as record owner.

The contention of plaintiff on this branch of the case is that the failure of the public officers to prepare and correct the 1941 tax rolls so as to show thereon the name of the defendant in error as owner, and the failure of the county treasurer to name the defendant in error as owner in the resale notice, renders the tax deed void.

In support of this contention plaintiff cites and quotes sections 51, 52, 53, 55, 57 and 59 of the 1941 Tax Code, being Senate Bill 271 of the 18th legislative session and section 3 of Senate Bill 143 of the same legislative session. The sections of Senate Bill No. 271, cited by plaintiff, relate to the duties of the assessor and the treasurer in relation to the preparation, correction, and certification of the tax rolls and the collection of taxes shown thereon and to the keeping by the assessor of a land list to be corrected annually, making these duties of these officers mandatory and fixing a penalty for failure to perform them. The section of Senate Bill No. 143, cited by plaintiff, relates to the contents and method of publication of the tax resale notice. These various sections are now incorporated in Title 68 O. S. 1941 as sections 15.51 to 15.59, and the section of Senate Bill No. 143 now appears as section 432b of that title.

It is the contention of plaintiff that because her name did not appear in the tax resale notice as the record owner of the 40 acres the resale deed based on such notice is void because of the failure of the assessor and treasurer, respectively, to perform their mandatory duties.

The special execution in the foreclosure action introduced in evidence shows that Fred Wallace Lucas was one of the defendants in that proceeding. It further appears in this case that on the tax rolls of Mayes county F. W. Lucas is shown as the record owner of this land for the years 1938 to 1941, inclusive. In the absence of evidence to the contrary it must be presumed that F. W. Lucas was the owner of this land for these years. The sheriff's sale in the foreclosure proceeding was held on the 19th day of April, and his deed, pursuant to the court's order of confirmation, was executed May 28, 1941. The assessment period for 1941 closed on the 1st of March, and F. W. Lucas is shown on the assessment roll for that year as the record owner of this land. No evidence was introduced by plaintiff, nor does she claim, that any information was furnished by her or her agent to the county assessor or to the county treasurer of the change of ownership of said land after the close of the assessment period. By the pro-

visions of section 51 of Senate Bill 271, 68 O. S. 1941 § 15.51, "The county assessor shall correct the land list each year before commencing the assessment, by noting thereon all transfers of record as shown by the office of the county clerk or register of deeds, and shall note thereon such transfers as may be brought to his attention while assessing, . . . ."

The assessment of real estate is made biennially on the odd-numbered year, so that at the date of the resale here involved the 1941 tax roll covering the taxes on this land was the "last tax rolls in the office of the county treasurer" from which he is directed to secure the name of the owner in preparing his resale notice. He is not required to look elsewhere. (Sec. 432b, Id.) From these correlated facts disclosed by the record it is apparent that plaintiff's proof was wholly insufficient to show any violation of duty by the county assessor in the preparation of the tax roll for 1941 or by the treasurer in advertising said property for sale in the name of F. W. Lucas as owner thereof. This being true, the provisions of 68 O. S. 1941 § 15.59 have no application. It is unnecessary to pass upon the proposition of plaintiff that the provisions of this section are mandatory and absolutely required the correction of the assessment records by both the county assessor and treasurer to correspond with the ownership records of the county clerk and the failure to do this resulted in the incorrect designation of the owner in the resale notice and for this reason the resale was invalid.

It is therefore concluded upon the whole case that the decree of the trial court canceling the resale deed as to the E.½ of the S.E.¼ and the N.W.¼ of the S.E.¼ of said section 5 should be affirmed, but that the decree of the trial court ordering cancellation of the resale deed as to the S.W.¼ of the S.E.¼ of said section 5 should be reversed, with directions to proceed not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.