HANCOCK v. JONES et al.

No. 32293.   Nov. 25, 1947.

*187 P. 2d 224.*

Tolbert, Gillespie & Cunningham, of Hobart, for plaintiff in error.

Hughes & Hughes, of Hobart, for defendants in error.

ARNOLD, J.   T. J. Jones, owner of three contiguous tracts of land in Kiowa county, died testate in 1925. By the terms of his will his wife, Rebeckah,

and his son, Steve, got the entire estate in said lands for the life of the wife. At her death the lands went to the heirs of the testator. The widow having died during the pendency of this action, Steve was appointed administrator and the suit was revived against him as administrator.

The suit is for ejectment of the Jones heirs and to quiet title against them and other persons. Plaintiff's right to the relief sought by him is entirely dependent upon a resale tax deed issued to the chairman of the board of county commissioners of Kiowa county in 1940 to the S.W. ¼ of section 10, township 4 north, range 17 west, in Kiowa county.

The uncontroverted facts are that Steve Jones had the duty to pay the taxes assessed against said lands for the last half of 1929 and succeeding years to and including 1943; that none of said taxes were paid by him or the widow or any of the other heirs, though Steve did pay the taxes on the other two tracts of land; that the tract directly involved here was sold at original sale for the last half of the 1929 taxes assessed against it in 1930; that the resale (1940) was based on the 1930 original sale; that there were no irregularities in either sale proceeding; that the total amount of taxes due on the land at the time of resale was $196.-24; that the sale by the commissioners to plaintiff's predecessor in title was for the sum of $25; that all taxes, penalties and costs accruing to and including 1943 were tendered for the use and benefit of those entitled thereto.

The defendants by cross - petition prayed for cancellation of the resale tax deed and that the title be quieted.

In support of the cross-petition Steve Jones testified that he went to the county treasurer's office before the original sale and told the deputy he wanted to pay his mother's taxes and handed the deputy a receipt theretofore issued by the county treasurer for the first half of the 1929 taxes, which described the three tracts of land; that the tract here involved and described therein was contiguous to and situated between the other two tracts; that he paid the amount shown to be due and received from the deputy the old and new receipts; that he did not have his glasses and could not read the receipts without them; that he relied upon the receipt for the last half of the 1929 taxes and thought the taxes on the quarter section in controversy were paid, though they were not; that on subsequent visits to the treasurer's office to pay the taxes on these lands, he took the last receipt issued and used it in the manner described above; that he never examined new receipts or compared them with the receipt for the first half of the 1929 taxes; that he was ready and able to pay the taxes due on the land, but remained in ignorance of the fact that any of the taxes thereon were not paid until the time this suit was begun.

The trial judge found

" . . . that the aforesaid resale tax deed was based on a county tax sale of said lands for delinquent taxes due thereon for the year 1929, and the tax sale certificate issued pursuant to said county tax sale on November 3, 1930, but further finds that on December 12, 1933, the defendant, Steve D. Jones, acting for himself and the other defendants herein, went to the county treasurer of said Kiowa county, Oklahoma, and thereupon tendered a prior tax receipt covering this real estate and other real estate, and offered to pay the taxes on all of said real estate, but that through inadvertence and mistake on the part of the said county treasurer, the real estate involved in this proceeding was omitted therefrom, and that by reason of said inadvertence and mistake on the part of the county treasurer of Kiowa county, Oklahoma, or the deputy who attended the said Steve D. Jones at said time, that the resale tax deed, the county deed, the conveyance by W. B. Wright to Hoyt Blakley, and the conveyance by Hoyt Blakley to M. Hancock, should be cancelled, set aside and held for naught, for the reason that the defendants have tendered into court for

the benefit of the plaintiff and whomsoever else shall be found entitled thereto, all of the delinquent taxes, penalties, costs and costs of sale and sales, in connection with the delinquent taxes for the years 1929 to 1943, inclusive, as against said real estate, and that the resale of the real estate pursuant to said original tax sale certificate is void by reason of the tender to the county treasurer of Kiowa county, Oklahoma, of the delinquent taxes prior to 1933 by Steve D. Jones, and the inadvertence and mistake of the county treasurer in not collecting the delinquent taxes due on the real estate described herein on that date."

The judgment of the trial court quieting title in the defendants in error is assailed for two reasons thus stated:

"(1). That the order of the district court setting aside the resale tax deed, and conveyances pursuant thereto is against the clear weight of the evidence."

"(2) That the defendants have failed to show by clear, cogent and convincing proof that the negligence, mistake, omission or fraud of the tax collector was the exclusive cause of the failure to pay all or part of the taxes due."

In support of his propositions, plaintiff cites 61 C.J. p. 1290, §1794. Apparently having no objection to the rule stated by us in Brewer v. Davidson, 195 Okla. 654, 163 P. 2d 987; Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544, and Martin v. Bodovitz, 194 Okla. 614, 153 P.2d 825, plaintiff attempts to distinguish those cases. Our subsequent discussion of the facts herein demonstrates why we do not agree with the attempted distinguishment. See, also, Hull, Adm'r, v. Baxter, 195 Okla. 425, 158 P. 2d 910; Headley v. Hall, 191 Okla. 352, 129 P.2d 1018; McKinney v. Farrow et ux., 194 Okla. 397, 152 P. 2d 265.

If the descriptions on the receipt delivered to the deputy treasurer had been followed, the taxes due on the quarter section of land involved here would not have been omitted. Under all the circumstances, it must be conclusively presumed that the taxes then due on this land were inadvertently omitted from the receipt. The issuance and delivery of the receipt under the request made was tantamount to a representation that the taxes due on the land in controversy were included and paid. Defendant, Steve Jones, whose duty it was to pay the taxes, said "he thought" that the taxes were paid, that is, he supposed the taxes were included and paid, which, of course, means he relied on the fact. This same receipt or one made from it was issued, so he says, on subsequent occasions without examination or comparison with the receipt for the first half of the 1929 taxes. An examination with comparison would have disclosed the omission and no excuse would thereafter have existed for the failure to pay the taxes due, as contended by plaintiff. Did defendant act in good faith and as a reasonably prudent person would have acted under all the facts and circumstances? If so, he was justified in his failure to pay the taxes due and equity should grant him relief. The trial judge thought he acted reasonably and without negligence and, therefore, in good faith. We think the evidence dictating this conclusion by the trial judge was positive, cogent and convincing. The judgment not being clearly against the weight of the evidence must be and is affirmed.

HURST, C.J., and RILEY, CORN, GIBSON, and LUTTRELL, JJ., concur.