## LUCAS et al. v. LIVELY et al.

No. 33486. Nov. 8, 1949.

Rehearing Denied Jan. 10, 1950.

*213 P. 2d 459.*

Horsley, Epton & Culp, of Wewoka, for plaintiffs in error.

Leon C. Phillips and Martin L. Frerichs, both of Okemah, for defendants in error.

LUTTRELL, J. The sole question for determination in this cause is whether the showing of diligence made by defendants below in support of their supplemental motion for new trial, on the ground of newly discovered evidence, was sufficient to require the trial court to sustain the motion. The trial court overruled the motion and defendants appeal.

Plaintiffs Shelton L. Lively and Victor McClanahan brought the action against defendants Sarah Augusta Lucas, W. W. Lucas, and others, to quiet their title to a tract of land in Seminole county. They alleged possession, and ownership by virtue of a county commissioners' deed, the title of the county being derived through a resale tax deed. Defendants did not question the validity of the resale tax deed upon which the county's title was based, either in their pleadings or by their evidence, but defended against the action upon other grounds. The trial court rendered judgment for the plaintiffs, and defendants in due time filed a motion for new trial. Thereafter and within the term defendants filed a supplemental motion for new trial on the ground of newly discovered evidence. The trial court overruled both the motion and the supplemental motion for a new trial.

In their supplemental motion defendants alleged that when the property was sold at resale, on May 14, 1940, it was sold for taxes for the years 1929 to 1939, both inclusive; that the last quarter of the 1939 taxes was not delinquent at the time the land was advertised for sale, and that the resale and resale tax deed issued to plaintiffs pursuant thereto was, for this reason, void. They further alleged that the defendants and their attorneys had attempted with due diligence to ascertain the facts as to

the resale deed and as to the years for which the property had been sold for taxes, but that they had been unable to do so prior to the trial of the case. They appended to the supplemental motion an affidavit by their attorney, Hicks Epton, which states that immediately after summons was served upon the defendants and during the month of September, 1946, he as attorney for defendants went in person to the office of the county treasurer of Seminole county and requested him to examine the books and records of his office and advise affiant the exact years for which the property involved was sold for taxes in the 1940 resale; that the county treasurer advised that the property was sold at the 1940 resale for the taxes from 1929 to 1938, inclusive, and the first three quarters of the year 1939; that affiant specifically requested the county treasurer to advise him whether the records showed positively that the property was not advertised and sold for taxes for the last quarter of the year 1939, and that he was advised by the county treasurer that the records reflected that the property was not advertised or sold for taxes for the last quarter of 1939.

He further states in the affidavit that during the month of February, 1947, prior to the trial of the cause, he again went to the office of the county treasurer and asked that the records be rechecked and re-examined to ascertain whether or not the taxes for which the property was sold in 1940 included the taxes for the last quarter of the year 1939, and was again advised by the county treasurer that the property was sold for taxes for the years 1929 to 1938, inclusive, and for the first three quarters of the year 1939, and that it was not advertised and sold for taxes for the last quarter of the year 1939. He further states that after the cause was tried he again caused inquiry to be made of the county treasurer with reference to this matter and received the same advice, and that thereafter he caused an examination of the treas-urer's records to be made and for the first time discovered that the previous reports from the treasurer's office had been erroneous, and that the taxes for the last quarter of the year 1939, which were not delinquent at the time the property was advertised for sale, had been included in the taxes for which the property sold at resale in 1940. This affidavit was subscribed and sworn to by the attorney and attached to the supplemental motion. An affidavit of Foster Smith, one of the defendants, almost identical with that of the attorney, except that Smith made only one effort to ascertain whether the land had been sold for taxes for the last quarter of 1939, was also attached to and made a part of the supplemental motion. This affidavit further stated that the affiant was not familiar with the records of the county treasurer of Seminole county and knew of no way to examine the records himself, and did not believe that he would be permitted to examine the records if he had requested permission to do so, and that he relied upon the statements made by the county treasurer. Plaintiffs did not file any pleadings or affidavits controverting the allegations of the supplemental motion or the affidavits attached thereto, and no evidence was taken when the motion was heard, so that we assume that the statements made in the motion and affidavits attached thereto are true. Indeed, the plaintiffs in their brief do not contend that they are not true.

In Whitehead v. Garrett, 199 Okla. 278, 185 P. 2d 686; House v. Mainka, 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229, and other cases, we held that the inclusion in a notice of resale of taxes for the last quarter of the current year which were not delinquent at the time of the first publication of the notice rendered the notice fatally defective and the resale invalid, and that the resale deed issued in such case was void.

Defendants contend that the affidavits attached to the motion for new trial fully satisfied the requirement of diligence contained in 12 O. S. 1941 §653.

Plaintiffs contend that, the newly discovered evidence consisting of public records to which defendants had access at all times, it will be presumed that by the exercise of reasonable diligence they could have had actual knowledge of the contents of the records, and that therefore the motion was properly denied. In support of this assertion they cite Patteson v. Myers, 183 Okla. 601, 83 P. 2d 846, and the cases from other jurisdictions cited and analyzed in that opinion, also, Ball v. Fleshman, 183 Okla. 634, 83 P. 2d 870. They also call attention to additional cases from other jurisdictions. In all of these cases which we have examined we find that the moving party, prior to the time the cause was tried and determined, had made no effort to obtain the information shown by the records. In the instant case the uncontroverted affidavits attached to the supplemental motion show that the defendants did attempt on three different occasions to obtain this information from the county treasurer in whose records it was reflected, and each time they were misinformed by the county treasurer, although he was specifically requested to examine and check his records upon this precise question. We are of the opinion that the showing of diligence was sufficient. The county treasurer was the official custodian of such records, and it might be both difficult and impracticable for an outsider, even an attorney, to find and personally examine such records. We think that when, upon three different occasions, the county treasurer was requested to check his records on that point, and when, upon each occasion he specifically stated that taxes for the last quarter of 1939 were not included in the resale, although it now appears that they were, the defendants and their attorney had the right to rely upon such information and were not required to personally investigate the records to determine that fact. Just why the county treasurer repeatedly misinformed them does not appear, but that he did so is uncontroverted, and relying upon such information they made no attack upon the validity of the resale deed, either in their pleadings or at the trial of the case.

In numerous cases, such as Headley v. Hall, 191 Okla. 352, 129 P. 2d 1018; Hancock v. Jones, 199 Okla. 443, 187 P. 2d 224; Ponder v. Ebey, 194 Okla. 407, 152 P. 2d 268, and others, we have held that misinformation as to delinquent taxes given to a taxpayer by the county treasurer, whereby the taxpayer was misled and failed to pay all his taxes, rendered the tax deed based upon such failure to pay subject to cancellation at the suit of the delinquent taxpayer on equitable considerations. We think the same rule should apply in cases where one who seeks to avoid a resale tax deed inquires of the county treasurer as to the state of his records on a particular point which affects the validity of the resale deed, and because of misinformation given by that official, fails to assert, in an action involving the title to the land, the invalidity of the deed, which invalidity he could have successfully asserted had he been correctly informed of the condition of the treasurer's records. We hold that the showing of diligence in attempting to obtain the newly discovered evidence prior to the trial was sufficient.

Plaintiffs assert that the newly discovered evidence was not within the issues raised by the pleadings or before the trial court, citing Huffman v. Huffman, 168 Okla. 39, 31 P. 2d 576, and other authorities. However, in Davis v. First Nat. Bank of Butler, 100 Okla. 190, 229 P. 228, we said:

"If a motion for new trial, based on newly discovered evidence, filed in compliance with the statutes, is supported by exhibits which reasonably tend to bear out the allegations of the motion, and the new matters constitute a complete defense in law, the motion for new trial ought to be sustained, if it

316

further appears that the defendant has been diligent in the investigation of matters pertaining to the action or his defense."

And further:

"Whether a new trial should be granted on the ground of newly discovered evidence is determined principally by the consideration of the particular case, rather than by some general rule of law. Meeting the ends of substantial justice between and among the parties in the particular case should largely control the action of the court in passing on the motion."

This case has been cited with approval and followed in Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P. 2d 909; Lake v. Bridges, 180 Okla. 442, 70 P. 2d 82, and other cases.

In the instant case the allegations of the supplemental motion for a new trial and the affidavits in support thereof disclose that by the misinformation given defendants by the county treasurer they were led to believe that the resale tax deed was valid, although it was in fact invalid, and that by reason of this belief so induced, they did not present to the trial court the issue of its invalidity. It would be both unjust and inequitable to hold that when by reason of the misinformation given them by the county treasurer they did not question the validity of the deed in the first instance, they were now precluded from raising that issue, although the newly discovered evidence, if presented to the trial court, would probably have been sufficient to establish the invalidity of the deed. The trial court erred in overruling the motion.

Reversed.

DAVISON, C. J., ARNOLD, V. C. J., and HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON and CORN, JJ., dissent.