### BEHNE v. LEMKE.

No. 34528. Jan. 15, 1952.

*239 P. 2d 1032.*

Hughes, Ogden & Ogden, Guymon, for plaintiff in error.

Rizley, Tryon & Sweet, Guymon, for defendant in error.

PER CURIAM. The plaintiff in error here was the plaintiff below and the defendant in error here was the defendant below. In this opinion, the parties will be referred to as plaintiff and as defendant, the same as in the trial court.

Plaintiff filed this suit for replevin of certain mortgaged chattels, consisting of a Chevrolet dump truck, a combine, and a tractor, also for judgment on a note held by him, and for the foreclosure of a chattel mortgage covering said mortgaged chattels given to secure the payment of said note. Defendant, through his attorney, filed certain preliminary motions which were overruled, and still later filed a general demurrer to the petition which was overruled, and still later filed an answer to the petition of the plaintiff which consisted of a general denial and a specific denial that the plaintiff has or had at the time of the filing of this suit any mortgage on the Chevrolet dump truck. Issues being joined, said cause was tried by the court, a jury having been waived. At the conclusion of the evidence of the plaintiff, the defendant demurred to the evidence. The demurrer was overruled. The court then inquired whether or not defendant had any witnesses. The attorney for the defendant then stated:

"We could produce some but we don't think it would do any good. The defendant will close and elects to stand on his demurrer."

Thereupon the court asked the attorneys if they wished to argue the case and a negative answer was received from each. Judgment for the plaintiff was thereupon entered on June 22, 1949.

At this point it appears that defendant engaged new counsel to represent him, and later on in the same day (June 22, 1949) a motion for new trial was filed on behalf of the defendant, through his new attorneys, which, in part, was as follows:

"1. That said judgment is contrary to law. 2. That said judgment is contrary to the evidence. 3. That said judgment is contrary to the law and the evidence. 4. That this defendant is in possession of material evidence to which he could testify personally, but which he was not called upon to present at the trial of this cause, and that the failure of this defendant to present such testimony was not due to any neglect or omission on his part."

The motion for new trial was heard on July 29, 1949, which was not during the same term at which the judgment was entered, but was during the next following term of court. Evidence was heard in support of the motion. This evidence indicated that the defendant had a possible defense to certain features or portions of the claims asserted by the plaintiff, that the defendant's original attorney was advised thereof, and that defendant was willing and anxious to testify as to these matters but was not given an opportunity to do so. In granting the motion for new trial, the trial court said in part:

"In passing upon this Motion for New Trial, I will state that throughout the period that this Judge has been Judge of this Court, there haven't been many new trials granted. They are very scarce; however, I believe it is up to the Court to see that justice is done, so far as he is able to do so, and in many cases I have gone out of my way to try to allow litigants to present their view of the case. I will state in this case that Mr. Lemke, in my opinion, has never had his day in court. . . . I don't like to criticize any attorney, but I do feel that Calvin Lemke has not had an opportunity to put up a defense. I don't know whether he has a valid defense or not, but I do know he has not had an opportunity. How his attorney could represent him, and then allow a default judgment to be

taken, which was done in this case—well, it is inconceivable to me how any attorney could adopt that course of conduct. I know I gave judgment in this case foreclosing this truck and now the testimony is that the truck was sold and Mr. Behne got the money, but under the pleadings, I don't see that I could have done otherwise. There was no defense put up, and he didn't ask for any relief. It was just plainly a default judgment, and I feel that if I should let the judgment stand, it would be one of the grossest miscarriages of justice that I have ever seen, and I don't propose to do it in this case."

The plaintiff asserts that the order granting a new trial amounted to granting a new trial on the fourth ground of the motion for new trial, and since ground four was not a statutory ground for new trial, the granting of the motion was error. The plaintiff further contends that if the fourth ground for new trial set out in the motion for new trial constituted a statutory ground, the granting of a new trial under the circumstances of this case constituted an abuse of discretion.

In the instant case the motion for new trial stated certain statutory grounds under §651, Title 12, O.S. 1941, and one ground (No. 4 of the motion) which we do not consider was a statutory ground under that statute. We think that while the court below would not have been justified in this case in granting a new trial on the basis of the statutory grounds asserted, and while the fourth ground of the motion was not a statutory ground under said §651 of Title 12, the motion was nevertheless sufficient to invoke the power of the court to set aside its original judgment and award a new trial, and the granting of a new trial under the facts in this case was within the discretion of the court.

In Alexander v. Alexander, 179 Okla. 614, 67 P. 2d 33, a motion for new trial was filed by the plaintiff alleging a number of grounds but not alleging as one of the grounds that the plaintiff did not receive a fair trial. The court sustained the motion, giving as his reason therefor that the plaintiff did not in the court's opinion receive a fair trial. The plaintiff in that case argued that the statutory grounds for a new trial are exclusive but this court stated in its opinion:

"We cannot agree with this contention to the extent the same is argued. The statutory grounds . . . are not exclusive of the broad inherent powers of the court to see that, in the opinion of the court, the litigant has received substantial justice, and are not a limitation on such inherent powers. . . . It is the duty of the trial court, if satisfied that a fair trial has not been held, to grant a new trial on its own motion or upon the motion of either party to the case, regardless of whether one of the grounds assigned is that a fair trial was not had."

The case of Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851, is strikingly similar to the case at bar. That case was an action for damages for personal injuries. One of the defenses asserted in the answer was that defendant had made a complete settlement of all claims of the plaintiff and at the time of making settlement plaintiff executed a receipt in full for all claims he had against defendant on account of the accident and injuries involved. The reply of the plaintiff to the answer of the defendant was an unverified general denial. Upon the case being called for trial, and after counsel for plaintiff had made his opening statement, counsel for defendant made a motion for judgment on the pleadings. Such motion not having been granted, the introduction of plaintiff's testimony began and while the plaintiff was testifying, in the course of objections made by defendant, the court advised counsel for plaintiff that it was of the opinion the reply should have been made under oath. Upon defendant again making a motion for judgment on the pleadings, the court sustained such motion and entered judgment for the defendant. On the following day, the plaintiff appeared by new-

ly employed counsel and filed a motion to vacate and set aside the judgment rendered the previous day and to grant a new trial. For grounds of such motion plaintiff stated that he had a good, valid and just cause of action against the defendant and on account of the refusal of the plaintiff's attorney to amend his pleadings at the suggestion of the court the plaintiff was deprived of his rights in the premises without his knowledge or consent. At a subsequent term of court the plaintiff's motion to vacate the judgment and for a new trial came on to be heard and upon due hearing the court sustained the same. From such order, an appeal was taken to this court and in deciding the case this court in its opinion, after referring to certain Ohio cases, stated:

"None of the grounds to vacate, set out in the motions in the foregoing cases, were based upon statutes, but they were, as in the case at bar, direct appeals to the exercise of the inherent equitable discretionary power of the trial court over its own judgments during the term at which they were rendered. Counsel for plaintiff in error further contends that, even assuming that the trial court had an inherent equitable power outside of the statute to vacate the judgment or grant a new trial in the case, the authorities show clearly that the grounds alleged in plaintiff's motion were insufficient to warrant the exercise of such supposed equitable power. Having reached the conclusion that the trial court has the inherent equitable power to vacate its own judgments during the term at which they were rendered for reasons other than those stated in the statute as ground for a new trial, and that if such power is properly invoked during said term the court may act upon the motion at a subsequent term, it follows that, unless it clearly appears that the court below abused its discretion, its action in relation to the motion herein will not be disturbed on appeal. Poff v. Lockridge, 22 Okla. 462, 98 P. 427. Upon sustaining the motion to vacate, the court below said: 'I will say that the conduct of counsel was, to say the least, peculiar, and the court is of the opinion that the plaintiff has not had his day in court.' In our judgment the foregoing comment is entirely justified. . . . Undoubtedly, the court below was impressed by the showing made and what had occurred in his presence that the plaintiff had been deprived of his day in court, one of his most sacred rights, and that he ought to be afforded an opportunity to present his case upon its merits upon making timely application therefor. In our judgment that was a proper subject for the exercise of the inherent power of the court."

Philip Carey Co. v. Vickers, supra, was relied upon by this court in the more recent cases of Nichols v. Bonaparte, 171 Okla. 234, 42 P. 2d 866, and Riddle v. Cornell, 192 Okla. 232, 135 P. 2d 41.

Plaintiff in this case, in support of his contentions, stresses Federal Surety Co. v. Little, 156 Okla. 75, 9 P. 2d 447, where this court reversed an order granting a new trial and held that the granting of such new trial amounted to an abuse of discretion upon the part of the trial judge. It is our opinion that such case is not controlling. In that case the trial judge originally thought his judgment was right and still thought so after mature deliberation when he granted the motion for new trial. It appeared that the trial court thought no different result could be reached on a new trial than was reached in the trial which had already been had. The trial court apparently granted the motion for new trial in Federal Surety Co. v. Little, supra, merely because the plaintiff thought he was outraged and because the trial court recognized it could have been mistaken both as to the law and the facts. We think the situation in the case at bar is quite different.

It is our opinion that the trial court did not abuse its judicial discretion and did not err in sustaining the motion of defendant for a new trial, and the order of the court granting the defendant's motion for new trial is hereby affirmed, and this case remanded, with instructions to the trial court to proceed accordingly.

This Court acknowledges the services of Attorneys Joseph A. Gill, David R. Milsten, and Joe B. Houston, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.