Joseph LEWIS, Plaintiff in Error,

v.

G. C. CONLEY, Defendant in Error.

No. 37605.

Supreme Court of Oklahoma.

Nov. 5, 1957.

Vernon C. Field, Lawton, for plaintiff in error.

Oden & Oden, Altus, for defendant in error.

CARLILE, Justice.

On October 4, 1955 G. C. Conley obtained a default judgment against Joseph Lewis and Hazel Delores Butler by decision of the court for the sum of $10,000.00 as damages for personal injuries received in an automobile accident which occurred in the City of Altus. The journal entry of judgment recites in part as follows:

"* * * On May 3, 1955 the plaintiff was injured in an automobile collision in which collision the defendant, Joseph Lewis, was in the front seat of the defendant's automobile and that the defendant, Hazel Delores Butler, was under the wheel and driving said automobile belonging to the defendant, Joseph Lewis, at the express direction and supervision of the defendant, Joseph Lewis, and that the defendants and each of them were negligent toward the plaintiff herein. * * *."

On December 21, 1955 the plaintiff Conley filed a verified motion for a new trial on the ground of newly discovered evidence, which plaintiff alleged could not with reasonable diligence have been discovered and produced at the trial; that he was pre-vented from discovering such new evidence by reason of the defendants having deceived and misled him; that on December 20, 1955 he first discovered that the defendant, Hazel Delores Butler, was not driving the automobile which caused the accident and plaintiff's injury and damage, but that the automobile was being driven by the defendant, Joseph Lewis; that plaintiff ascertained such fact from Ellen Thomas and H. W. Thomas, and further alleged that the defendants caused to be entered upon the records of the Municipal Court of the City of Altus a judgment and decree that Hazel Delores Butler was driving the automobile when in fact it was driven by Joseph Lewis; that such new evidence would change the results of the trial and judgment and result in a new judgment of a different character and affected the substantial rights of the plaintiff.

On August 21, 1956, by leave of the court, the plaintiff filed a supplemental motion for new trial in which plaintiff alleged that he was hospitalized for a long time following the accident and had no opportunity to determine if there was an eye witness to the accident; that his counsel sought all available information and investigated the official records of the Altus Police Department for the accident report; that the police officers advised his counsel that there was no known eye witness other than the parties to the action; that the officers advised plaintiff's counsel that Hazel Delores Butler was driving the car, which statement was based on the statements made to the police by the defendants, Butler and Lewis. Attached and made a part of the supplemental motion for new trial was a verified statement dated December 20, 1955 by Ellen Thomas in which the affiant states that she is a resident of 614 West Broadway street in Altus, Oklahoma, and had lived in the county since 1917; that on the evening of May 3, 1955, about 10:00 p. m., she had gone out in her yard to turn off a water faucet and while there observed the street light at the intersection of West Broadway and Willard Street change from green to red and saw a car enter the intersection while the red light

was on, then she saw another car that had entered the intersection of Benson and Broadway and was already in the north half of the intersection; that the car coming from the east struck the car going north; that she could see a colored man driving the car from the east; that after the collision the colored man got out of the car; that she went over to where Mr. Conley was thrown out from his car; that an ambulance took him to the hospital and she went across the street to where Conley's sister lived and told her. There was also attached to the motion a certified copy of a judgment of the County Court of Caddo County, dated April 25, 1955, showing that Joseph Lewis entered a plea of guilty to driving while under the influence of intoxicating liquor and was sentenced to pay a fine of $100. The defendant below, Joseph Lewis, filed a written reply to plaintiff's motion wherein he alleged that the plaintiff was not a party aggrieved under the provisions of the statute, 12 O.S.1951 § 651, which relates to the granting of a new trial, and in reply further alleged that the re-examination of the facts as found by the trial court was unnecessary and that the judgment rendered was valid and a final determination of plaintiff's rights; that no diligence was exercised in securing the alleged new evidence; that such evidence could be used only to impeach the evidence presented by plaintiff at the time; that the new evidence would not change the result in the event of a new trial, and moved the court to overrule plaintiff's motion. The defendants below also filed a motion to strike the supplemental motion for new trial on the ground that it was not in compliance with the requirements of the statute and could not be corrected by means of supplemental pleadings. Plaintiff further alleged in his motion that defendant Butler plead guilty to reckless driving, resulting in the accident, so that the defendant Lewis would not be charged with driving; that by reason of the collusive acts of the defendants plaintiff was led to believe that the defendant, Butler, was driving the vehicle, and further stated that the motion for a new trial was filed because the liability insurance policy of the defendant, Lewis, would not be available as an asset under the existing judgment. Upon a hearing on the motions the trial court overruled the objections by the defendants and granted the plaintiff's motion for a new trial, and the defendant, Joseph Lewis, appealed.

The first proposition presented by plaintiff in error, Lewis, is in substance that the trial court erred in failing to overrule the motion for a new trial when it was presented on March 6, 1956, and should not have allowed the filing of the supplemental motion for the reason that under the factual situation and case there is no statutory authority for motion for new trial; that the statute under which the motion was filed was not complied with and the motion could not be corrected and made whole at a later time.

The second proposition presented is that the trial court abused its discretion in granting a new trial.

In support of the first proposition our attention is directed to 12 O.S.1951 § 651, which defines a new trial as a re-examination in the same court of an issue of fact after a verdict or decision and provides that they shall be vacated and new trial granted on application of the party aggrieved for any of the enumerated causes affecting materially the substantial rights of such party. The seventh enumerated cause in the statute reads:

"Seventh. Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

Plaintiff in error asserts that the plaintiff, Conley, is not a party aggrieved under the statute, because he was not injured in any manner by the judgment rendered. Two out of state decisions are cited as defining a party aggrieved. Love v. Wilson, 181 Okl. 558, 75 P.2d 876, holds:

"'A party aggrieved' is one whose pecuniary interest is directly affected or whose right of property is established or divested by the decree."

Under the record in the present action the pecuniary interest of the plaintiff below was directly affected and his right and ability to enforce and collect the judgment materially affects his substantial rights.

The trial court, in granting a new trial, apparently was of the opinion that the judgment rendered was erroneous in holding that the defendant Butler and not the defendant Lewis was driving the vehicle at the time of the accident. The effect and importance as to who was driving the vehicle is, in a measure, shown in plaintiff's supplemental motion for a new trial, wherein it is stated:

"This motion and supplementary motion is filed to protect the plaintiff because the liability insurance policy of the defendant Lewis will not be available as an asset under the existing judgment and this judgment was obtained upon facts fabricated by the defendant Lewis in order to prevent his being charged with driving while under revocation. * * *"

It is also referred to in the brief of the defendant in error as follows:

"Plaintiff thereafter discovered that Lewis carried liability insurance which covered him but not others, and asked for a new trial in order to prove the truth."

We understand the situation to be that if the defendant Lewis was driving the automobile his public liability insurance carrier would be liable on his insurance policy, otherwise it would not be liable. Plaintiff in error further calls attention to 12 O.S. 1951 § 654, which relates to motion for a new trial and provides:

"The application must be by motion, upon written grounds, filed at the time of making the motion." The cause of newly discovered evidence "must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

and asserts that the motion for a new trial did not conform to the requirements of the statute and could not be corrected by the supplemental motion. Several decisions are cited in support of the statement. Many other decisions might be cited, but the merits of each case largely depend on the facts and circumstances of the particular case.

"Whether a new trial should be granted on the ground of newly discovered evidence is determined principally by the consideration of the particular case rather than by some general rule of law. Meeting the ends of substantial justice between and among the parties in the particular case should largely control the action of the court in passing on the motion." Lucas v. Lively, 202 Okl. 313, 213 P.2d 459, 462.

"The statutory grounds for a new trial are not exclusive of the broad, inherent power of the court to see that, in the opinion of the court, the litigant has received substantial justice and are not a limitation on such inherent power." Behne v. Lemke, 205 Okl. 623, 239 P.2d 1032.

The facts and circumstances of the present action differ materially from the majority of cases in that the plaintiff, who obtained a default judgment against the defendants, seeks a new trial and the defendants object. The amount of damages awarded is not an issue under the present motion. One of the decisions cited and relied on by the plaintiff in error is Eskridge v. Taylor, 75 Okl. 139, 182 P. 516. While that case announces established principles of law on the issue at hand it has little application to the present action. In that case the court points out the insufficiency of the motion for a new trial based on newly discovered evidence because it was not verified by the defendant, nor was it supported by affidavits at the hearing on the motion. The motion for a new trial filed in the present action was verified by the plaintiff and was filed during the term in which the judgment was rendered. The names of the witnesses from whom the plaintiff alleged he first learned that the automobile was driven by the defendant

Lewis at the time of the accident is set forth in the motion and a verified affidavit by one of the named witnesses, dated the same date the motion was filed, was attached and made a part of the supplemental motion for a new trial. The original motion, having been filed during the term in which the judgment was rendered, was sufficient, as we view it, to make out a prima facie cause and invoke the jurisdiction of the court. Commonwealth Life Ins. Co. v. Avery, 205 Okl. 274, 237 P.2d 433, 434 holds:

"Courts of general jurisdiction have control of all judgments, decrees, or other orders, however conclusive in their character, during the term at which they are rendered, and may set aside, vacate, and modify them during said term in the exercise of a wide and extended discretion, and in the absence of an abuse of such discretion, an order of the trial court vacating a judgment during the term will not be reversed.

"A motion invoking the inherent equitable power of the trial court to vacate its own orders filed during the term at which the order was made vests the court with full power to act at a subsequent term, and the action of the court in the premises at the subsequent term has the same legal effect as if such rulings had been made during the term at which the motion was filed."

Since the trial court was vested with power to hear and act on the original motion at a subsequent term it follows that it had the right to consider the supplemental motion as part of the original. The supplemental motion did not set up new and independent grounds but was merely an elaboration and clarification of the original motion.

"A motion for a new trial may be amended, after the three days allowed by the statute for filing the motion, by a clearer more appropriate statement or elaboration of the grounds originally set up; but such amendment, filed after the statutory time has expired, cannot set up new and independent grounds there-

for." Wiggins v. Jackson, 52 Okl. 723, 153 P. 879.

12 O.S.1951 § 654, provides that the truth of a motion for a new trial on the grounds of newly discovered evidence may be controverted by affidavits. The defendants in the trial court filed no pleading or affidavit controverting the allegations of the original or supplemental motions. The judgment of the trial court in sustaining the motion for a new trial constituted a general finding for plaintiff on the question of diligence in discovering the new evidence. We are unable to say there was a want of sufficient diligence to preclude the plaintiff from prevailing in the present proceeding. In Levi v. Oklahoma City, 198 Okl. 414, 179 P.2d 465, diligence is discussed and the reasoning there stated is applicable to the present proceeding. The syllabus states:

"By reasonable diligence is meant appropriate action, where there is some reason to awaken inquiry and direct diligence in a channel in which it would be successful."

Rein v. Patton, 208 Okl. 442, 257 P.2d 280, 281, holds:

"When a motion for new trial is sustained the trial court is not limited to the ground stated in the motion, but has a broad latitude or discretion which will not be disturbed by this court, unless it is shown that the court has acted arbitrarily or abused its discretion, or has manifestly erred in some pure, simple and unmixed question of law. * * *

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

We have considered the record as a whole, and it is our opinion that the trial court did not abuse its judicial discretion and did not err in a question of law in sustaining the motion of the plaintiff for a new trial, and the order of the trial court

granting the plaintiff's motion for a new trial is hereby affirmed, and this case is remanded to the District Court.

CORN, V. C. J., and HALLEY, WILLIAMS and JACKSON, JJ., concur.

WELCH, C. J., and BLACKBIRD, J., dissent.